# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DAVID C. WARTH<br>    Plaintiff,<br><br>v.<br><br>GWINNETT COUNTY PUBLIC SCHOOLS, GWINNETT COUNTY SCHOOL POLICE, THOMAS WILLIAMSON,  Individually and in his official capacity as an employee of Gwinnett County School Police, and BRITTNEY DEWEY, Individually and in her official capacity as an employee of Gwinnett County Public Schools,<br>    Defendants. | CIVIL ACTION FILE NO.<br>1:23-cv-05072-MLB |

## MOTION FOR ENTRY OF CONSENT PROTECTIVE ORDER

Pursuant to the Federal Rules of Civil Procedure 7(b) and 26(c), all parties in the above-styled action, through their undersigned counsel, hereby respectfully request the entry of the attached Consent Protective Order.  Discovery in this action has yielded and is expected to yield documents and information of a sensitive and confidential nature including, but not limited to, medical, psychological, psychiatric and therapeutic information; health/disability data; residential addresses; personal phone numbers and electronic mail addresses; social security numbers; insurance data; income tax filing information; confidential education records; performance

evaluations; and job references for the named parties, party witnesses, and/or third-parties. To limit the use and disclosure of this private and confidential information, the parties have agreed to the Consent Protective Order, attached hereto as Attachment A, and respectfully request that the Court enter it in this action.

Respectfully submitted this 8th day of July, 2024.

Consented to by:

| | |
|---|---|
| *s/ Kamau K. Mason* | *s/ Stephen D. Pereira* |
| Kamau K. Mason | Stephen D. Pereira |
| GA Bar No. 823438 | GA Bar No. 572051 |
| Law Offices of Kamau K. Mason & Associates | Pereira, Kirby, Kinsinger & Nguyen, LLP |
| 3036 Woodrow Drive | P.O. Drawer 1250 |
| Lithonia, GA 30038 | Lawrenceville, Georgia 30046 |
| (678) 464-4618 | (770)963-1997 |
| Lead Counsel for Plaintiff | Lead Counsel for Defendants |

# ATTACHMENT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DAVID C. WARTH<br>　　Plaintiff,<br><br>v.<br><br>GWINNETT COUNTY PUBLIC SCHOOLS, GWINNETT COUNTY SCHOOL POLICE, THOMAS WILLIAMSON,  Individually and in his official capacity as an employee of Gwinnett County School Police, and BRITTNEY DEWEY, Individually and in her official capacity as an employee of Gwinnett County Public Schools, | CIVIL ACTION FILE NO.<br>1:23-cv-05072-MLB |

## [PROPOSED] CONSENT PROTECTIVE ORDER

1.

This Protective Order ("Order") will be entered pursuant to Rule 26 (c)of the Federal Rules of Civil Procedure.

2.

This Order governs the use and handling of confidential, non- public, and/or sensitive documents, information, and other materials, including responses to any and all discovery requests, deposition transcripts and exhibits, deposition responses upon written questions, documents produced with initial disclosures and/or in response to document requests, documents created or produced by Court

Order or by subpoena and all other information, including all copies, excerpts and summaries thereof (collectively, the "Information"), produced voluntarily or involuntarily, obtained, given or submitted by the Parties, or under oath by any other individual or entity including non-parties in this Litigation (any such producing party hereinafter referred to as the "producing party" and any such receiving party hereinafter referred to as the "receiving party") in pre-trial proceedings in this Litigation.

3.

"Confidential Information" shall include any material containing information designated by any Party as confidential and includes documents, information contained in a document, electronic media, information revealed during a deposition, information revealed in a response to a discovery request, information produced in response to subpoena, or information otherwise provided during the course of litigation. In designating Information as "confidential," a Producing Party will make such designations only as to that information that contains confidential information.

4.

Information designated as confidential shall include, but is not necessarily limited to, the following:

    (a)    personal data and information, in any form, regarding individual employees, or former employees, of any party, including but not

limited to personal contact information such as home address, telephone number, and email address, specific compensation and benefit amounts, medical and psychological conditions, "protected health information," marital status, work performance, disciplinary actions, work history, Social Security number, tax returns, financial information or documentation, health or medical information and documentation, criminal background check records, arrests or criminal convictions or credit history;

(b) information or data that any Defendant treats as confidential under its policies and procedures, including but not limited to employee references, health/medical information, financial information, and/or student records.

5.

"Disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise provide or communicate to any person or entity the confidential materials, whether pursuant to request, interrogatory, process or otherwise, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

6.

The restrictions contained herein regarding disclosure of Confidential Information also apply with equal force to any excerpts, analyses, or summaries of

such items or the information contained therein, as well as to any pleadings, memoranda, briefs, exhibits, transcripts, or other documents that may be prepared in connection with this litigation which contain or refer to the confidential materials or information contained therein.

7.

The designation of Confidential Information for the purposes of this Order shall be made in the following manner:

(a) In the case of documents, discovery answers or responses, or other information or materials (apart from depositions or other pretrial testimony): by affixing the legend "CONFIDENTIAL" to each page containing any Confidential Information. If not practical to mark each page of a document, as in the case of a bound publication or documents saved to an electronic storage device, the cover of such bound document or the applicable storage media shall be so marked. If not practical to so mark the material itself, a container for or a tag attached to the material shall be so marked.

(b) In the case of depositions or other pretrial testimony, by written notice sent by counsel to all parties within ten (10) business days after receipt of the transcript of the deposition to all counsel of record for the parties to the action. All transcripts shall be considered Confidential Information and subject to this Order until expiration of such ten (10) business day period. However, any

discussion in a deposition or transcript of a document previously designated as Confidential Information shall automatically be considered designated with the same treatment as the underlying document without further designation.

8.

Such Confidential Information shall be used solely for the purpose of this action, shall not be used for any other purpose, and shall not be disclosed to any other person or third party other than the following:

a. Counsel for the parties in this action, including employees of such counsel to the extent necessary to render professional services in the above-referenced proceeding;

b. The parties in the above-styled action;

c. The Court and persons employed by the Court working on this litigation;

d. Court reporters at the proceedings in this action; and/or

e. Experts or consultants retained or consulted by the parties in connection with this litigation, but only as set out in paragraph 9 below.

9.

Prior to making such disclosure of any confidential documents or information pursuant to paragraph 8, counsel making such disclosure shall inform any person to whom disclosure is being made that the information or documents, or any portions thereof, may be used only for the purposes set forth in this Protective Order.

10.

This Protective Order does not limit the right of any party to object to the scope of discovery or to any particular discovery request in this litigation.

11.

Upon request by the producing party, within 30 (thirty) days of the conclusion of this matter as to all parties, Confidential Information produced by the producing party, as well as all copies, excerpts or summaries thereof, shall be returned to the producing party.

12.

Nothing in this Order shall prevent a party from any use of its own confidential documents. Moreover, nothing in this Protective Order shall limit the right of the parties from using Confidential Information for purposes of this litigation, including in any pleadings, memoranda, briefs, exhibits, or other documents which may be prepared in connection with this litigation. In the event any Confidential Information is included in any paper filed with the Court, such paper shall be filed under seal, except as otherwise provided by the Court, or as otherwise agreed to by the parties in writing.

13.

The inadvertent or unintentional disclosure of Confidential Information shall not be construed to be a waiver, in whole or part, of any party's claim of

confidentiality, either as to the specific confidential information disclosed or as to other related information.

14.

Any party may apply to the Court for relief from this Protective Order. The party seeking relief from this Protective Order shall specify which information designated as "confidential" by the opposing party it wishes to disclose outside the confines of this litigation and the purpose for which and the manner in which it seeks to disclose the information. Neither party shall disclose any information designated as "confidential" by an opposing party without the written consent of the opposing parties or the express permission of the Court. Before seeking relief from the Court due to an alleged violation of this Protective Order, the party seeking relief will attempt to resolve the matter by agreement with the other party.

15.

Any document, material, or other information designated as entitled to protection under this order, which is submitted to the Court in support of a pleading or motion, or introduced at a hearing, trial, or other proceeding in this action, may continue as protected material only by order of the Court in accordance with these procedures. If information entitled to protection under this order is submitted to the Court in support of a pleading or motion, such information shall maintain its protected status for ten (10) days. During this ten-day period, the party who

designated the information as protected may move the Court to continue the protected status of the information by filing a motion for continued protection. The moving party shall indicate whether the motion is opposed. If the motion is opposed, the opposing party shall have five (5) days from the date that the original motion is filed to file a response.

A party who seeks to introduce protected information at a hearing, trial, or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected. If the party who designated the information as protected requests the protection be continued, the Court will conduct an in-camera review of the information to determine if the information is entitled to continued protection.

16.

The terms of this Protective Order are subject to modification, extension, or limitation as may be hereinafter agreed to by all parties, or by order of the Court.

**SO ORDERED** this_____ day of_____, 2024.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE


Agreed to by:

**s/ Stephen D. Pereira**
Stephen D. Pereira
GA Bar No. 572051
Pereira, Kirby, Kinsinger & Nguyen, LLP
P.O. Drawer 1250
Lawrenceville, Georgia 30046
(770) 963-1997
Counsel for Defendants

**s/ Jaaonne J. Gadson-Jackson**
Jaaonne J. Gadson-Jackson
GA Bar No. 279689
Pereira, Kirby, Kinsinger & Nguyen, LLP
P.O. Drawer 1250
Lawrenceville, Georgia 30046
(770)963-1997
Counsel for Defendants

**s/ Kamau K. Mason, Esq.**
Kamau K. Mason, Esq.
GA Bar No. 823438
Law Offices of Kamau K. Mason & Associates
3036 Woodrow Drive
Lithonia, GA 30038
(678) 464-4618
Counsel for Plaintiff

**s/ Reginald L. Winfrey, Esq.**
Reginald L. Winfrey, Esq.
GA Bar No. 770460
Winfrey & Associates, LLC
P.O. Box 122
Alpharetta, GA 30022
(470) 400-9461
Counsel for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DAVID C. WARTH<br>    Plaintiff,<br><br>v.<br><br>GWINNETT COUNTY PUBLIC SCHOOLS, GWINNETT COUNTY SCHOOL POLICE, THOMAS WILLIAMSON, Individually and in his official capacity as an employee of Gwinnett County School Police, and BRITTNEY DEWEY, Individually and in her official capacity as an employee of Gwinnett County Public Schools, | CIVIL ACTION FILE NO.<br>1:23-cv-05072-MLB |

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on July 8, 2024, I electronically filed the foregoing **MOTION FOR ENTRY OF CONSENT PROTECTIVE ORDER** and **PROPOSED CONSENT PROTECTIVE ORDER** with the Clerk of Court using the CM/ECF system which will automatically send electronic notification of such filing to legal counsel for all parties.

This 8th day of July, 2024.

                                              **PEREIRA, KIRBY,**
                                              **KINSINGER & NUYGEN, LLC.**

                                              **s/ Jaaonne J. Gadson-Jackson**
P.O. Drawer 1250                              Jaaonne J. Gadson-Jackson
Lawrenceville, GA 30046                       GA State Bar No. 279689
770.963.1997 Telephone                        Attorney for Defendants
770.822.2913 Facsimile                        jjackson@pkknlaw.com

- 13 -