**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **DAVID C. WARTH** | ) | **Civil Action File No.:** |
| | ) | **1:23-cv-05072-MLB** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | |
| **GWINNETT COUNTY PUBLIC** | ) | |
| **SCHOOLS, GWINNETT COUNTY** | ) | |
| **SCHOOL POLICE, THOMAS** | ) | |
| **WILLIAMSON,  Individually and** | ) | |
| **in his official capacity as a employee of** | ) | |
| **Gwinnett County School Police, and** | ) | |
| **BRITTNEY DEWEY, Individually** | ) | |
| **and in her official capacity as an** | ) | |
| **employee of Gwinnett County Public** | ) | |
| **Schools,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER OF DEFENDANT THOMAS WILLIAMSON

COMES NOW, THOMAS WILLIAMSON, Defendant in the above-styled case, (hereinafter "Defendant Williamson") by and through undersigned counsel files this his ANSWER and Defenses to Plaintiff's Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. Defendant Williamson filed a Motion to Dismiss for Failure to State a Claim which was granted in part and denied in part in the Court's September 26, 2024 Order. (Doc. 33).

## **DEFENSES**

Defendant THOMAS WILLIAMSON (hereinafter "Defendant Williamson" or "Defendant") states the following separate defenses without assuming the burden of proof that would otherwise rest with the Plaintiff:

### FIRST DEFENSE

Plaintiff's complaint should be dismissed in whole or in part for its failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's state law tort claims against Defendant Williamson in his official capacity are barred by sovereign immunity.

### THIRD DEFENSE

Defendant Williamson asserts the defense of lack of subject matter jurisdiction for state law tort claims brought against him in his official capacity based upon sovereign immunity.

### FOURTH DEFENSE

Defendant Williamson asserts that the doctrine of official immunity bars the Plaintiff's state law tort claims brought against him in his individual capacity.

## FIFTH DEFENSE

Defendant Williamson asserts that Plaintiff has not alleged and there has been no waiver of sovereign immunity for the Gwinnett County School District and the Gwinnett County Board of Education and consequently that sovereign immunity bars any claims against Defendant Williamson in his official capacity in this case.

## SIXTH DEFENSE

Defendant Williamson asserts that Plaintiff's alleged injuries do not arise out of his failure to perform or negligence during the performance of a ministerial duty or that he has acted with actual malice or an actual intent to injure Plaintiff and therefore official immunity bars Plaintiff's claims against him.

## SEVENTH DEFENSE

Defendant Williamson asserts that all times material to the claims in this case he has acted in good faith in the performance of his duties and did not act with malice or any intent to harm Plaintiff.

## EIGHTH DEFENSE

Plaintiff has not suffered any breach or violation of any constitutional, statutory, or civil rights by any of the Defendants named in this action.

## NINTH DEFENSE

Defendant Williamson asserts the defense of qualified immunity for Plaintiff's claims brought pursuant to 42 U.S.C. 1983.

## TENTH DEFENSE

Defendant Williamson did not violate any of Plaintiff's clearly established Constitutional rights and is therefore entitled to qualified immunity for Plaintiff's 42 U.S.C. §1983 claims.

## ELEVENTH DEFENSE

Plaintiff's Complaint fails to state a claim for punitive, actual, special, exemplary, liquidated, and/or compensatory damages.

## TWELFTH DEFENSE

Defendant Williamson asserts that probable cause existed regarding both of Plaintiff's arrests.

## THIRTEENTH DEFENSE

Defendant Williamson asserts that he acted in good faith in the performance of his official duties and provided all relevant information to the magistrate judge in support of arrest warrants in this case.

## FOURTEENTH DEFENSE

Defendant Williamson asserts that the claims asserted by Plaintiff are without merit, frivolous or without just cause so that Plaintiff is liable for the payment of all attorneys' fees and expenses incurred by Defendant Williamson.

## FIFTEENTH DEFENSE

Defendant Williamson asserts that the claims asserted by Plaintiff against him lack substantial justification, are groundless and vexatious thereby making Plaintiff liable for the payment of all attorneys' fees and other litigation expenses incurred by Defendant Williamson in order to defend his rights pursuant to O.C.G.A. §9-15-14.

## SIXTEENTH DEFENSE

Defendant Williamson denies that he was guilty of any act or acts of negligence or wrongdoing proximately causing or contributing to any alleged injuries or damages sustained by Plaintiff and, as a result, Plaintiff is not entitled to recover as against Defendant Williamson herein.

## SEVENTEENTH DEFENSE

Plaintiff has unclean hands.

<u>EIGHTEENTH DEFENSE</u>

Defendant asserts that preliminary hearings and/or indictments subsequent to the arrests support the probable cause for both arrests.

<u>NINETEENTH DEFENSE</u>

Plaintiff's Complaint fails to set forth sufficient factual content that would allow the Court to infer unlawful conduct on the part of Defendant Williamson in violation of Fed. R. Civ. P. 8 (a) (2). <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

<u>TWENTIETH DEFENSE</u>

Plaintiff has failed to mitigate damages as required by law.

TWENTY FIRST DEFENSE

Defendant Williamson was engaged in discretionary functions during his investigation, warrant applications and cooperation with prosecution of Plaintiff.

TWENTY SECOND DEFENSE

Defendant Williamson asserts that to the extent any information was omitted from the arrest warrants in this case, such omissions were unnecessary to establish probable cause.

TWENTY THIRD DEFENSE

Defendant Williamson asserts all affirmative defenses and other defenses that may be asserted pursuant to O.C.G.A. § 9-11-8(c), O.C.G.A. § 9-11-12 and 42 U.S.C. 1983 and reserves the right to assert additional affirmative defenses allowed by Rule 8 depending on any evidence discovered in pursuit of this litigation.

TWENTY FOURTH DEFENSE

By way of further defense, Defendant Williamson hereby answers the allegations set forth in Plaintiff's Complaint as follows:

1.

Defendant Williamson denies the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

Defendant Williamson denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Defendant Williamson denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendant Williamson denies the allegations that Plaintiff is entitled to monetary damages contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendant Williamson denies the allegations that Plaintiff is entitled to monetary damages contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendant Williamson denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.  Answering further, Gwinnett County Public Schools is not a legal entity.  Answering further, Defendant Williamson denies that subject matter jurisdiction exists for state law claims against the Gwinnett County Public Schools and state law tort claims brought against individual defendants in their official capacity.

7.

Defendant Williamson denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.  Answering further, the Gwinnett County School Police is not a legal entity. Answering further, Defendant Williamson denies that subject matter jurisdiction exists for state law claims against the Gwinnett County Public Schools and state law tort claims brought against individual defendants in their official capacity.

8.

Defendant Williamson denies the allegations contained in Paragraph 8 of Plaintiff's Complaint regarding the Gwinnett County School Police as there is no such legal entity. Answering further, Defendant Williamson denies that subject matter jurisdiction exists for state law claims against the Gwinnett County Public Schools and state law tort claims brought against individual defendants in their official capacity. Defendant Williamson denies that jurisdiction and venue are appropriate in Dekalb County Superior Court.  Defendant Williamson admits the remaining allegations contained in Paragraph 8 of the Complaint.

9.

Defendant Williamson denies the allegations contained in Paragraph 9 of

Plaintiff's Complaint. Answering further Defendant Dewey was employed by the Gwinnett County Board of Education, the governing body of the Gwinnett County School District, during the events giving rise to the underlying Complaint. Answering further, Defendant Williamson denies that any of the allegations contained in the Complaint involve Defendant Dewey acting under color of state law. Defendant Williamson denies that subject matter jurisdiction exists for state law claims against the Gwinnett County Public Schools and state law tort claims brought against individual defendants in their official capacity.

10.

Defendant Williamson is without sufficient information to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint, and they are therefore denied.

11.

Defendant Williamson admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant Williamson admits the allegations contained in Paragraph 12 of Plaintiff's Complaint based upon information and belief.

13.

Defendant Williamson admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendant Williamson denies the allegations contained in Paragraph 14 of Plaintiff's Complaint as stated.  Answering further, Defendant Williamson admits that Brookwood High School is a school within the Gwinnett County School District under the governing authority of the Gwinnett County Board of Education.

15.

Defendant Williamson denies the allegations contained in Paragraph 15 as of Plaintiff's Complaint as stated.  Answering further, Defendant Williamson was a school resource officer employed by the Gwinnett County Board of Education who was assigned to work at Brookwood High School during the time of some of the events set forth in Plaintiff's Complaint.

16.

Defendant Williamson denies the allegations contained in Paragraph 16 of Plaintiff's Complaint as stated.  Answering further, Defendant Dewey was an employee of the Gwinnett County Board of Education assigned to work at

Brookwood High School during the time of some of the events set forth in Plaintiff's Complaint.

17.

Defendant Williamson denies the allegations contained in Paragraph 17 of Plaintiff's Complaint as stated.  Answering further, Defendant Williamson admits that Plaintiff had some classes with Defendant Dewey  during his time as a student at Brookwood High School, but denies the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant Williamson denies the allegations contained in Paragraph 18 of Plaintiff's Complaint as stated.  Answering further, Defendant Williamson admits that Plaintiff had some classes with Defendant Dewey during his time as a student at Brookwood High School but denies the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant Williamson denies the allegations contained in Paragraph 19 of Plaintiff's Complaint as stated.  Answering further, Defendant Williamson admits that Plaintiff had some special education classes with her during his time as a student

at Brookwood High School but denies the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant Williamson denies the allegations contained in paragraph 20 of Plaintiff's Complaint based upon information and belief.

21.

Defendant Williamson denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendant Williamson admits the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendant Williamson admits the allegations contained in Paragraph 23 of Plaintiff's Complaint based upon information and belief.

24.

Defendant Williamson admits the allegations contained in Paragraph 24 of Plaintiff's Complaint as stated based upon information and belief.

25.

Defendant Williamson admits the allegations contained in Paragraph 25 of

Plaintiff's Complaint based upon information and belief.

26.

Defendant Williamson admits the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendant Williamson admits the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

Defendant Williamson admits the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendant Williamson admits the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Defendant Williamson admits the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

Defendant Williamson admits the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

Defendant Williamson admits the allegations contained in Paragraph 32 of the Complaint.

33.

Defendant Williamson denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.

Defendant Williamson denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

Defendant Williamson denies the allegations contained in Paragraph 35 of Plaintiff's Complaint as the allegations provide an incomplete statement of the law regarding stalking.

36.

Defendant Williamson denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

Defendant Williamson denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

Defendant Williamson admits the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

Defendant Williamson is without sufficient information to admit or deny the allegations contained in Paragraph 39 of Plaintiff's Complaint and therefore the allegations are denied.

40.

Defendant Williamson admits the allegations contained in Paragraph 40 of Plaintiff's Complaint based on information and belief.

41.

Defendant Williamson denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

Defendant Williamson denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.

Defendant Williamson admits the allegations contained in Paragraph 43 of the Complaint and therefore denies the allegations.

44.

Defendant Williamson admits the allegations contained in Paragraph 44 of the Complaint and therefore denies the allegations.

45.

Defendant Williamson admits the allegations contained in Paragraph 45 of the Complaint and therefore denies the allegations.

46.

Defendant Williamson admits the allegations contained in Paragraph 46 of the Complaint and therefore denies the allegations.

47.

Defendant Williamson admits the allegations contained in Paragraph 47 of the Complaint and therefore denies the allegations.

48.

Defendant Williamson admits the allegations contained in Paragraph 48 of the Complaint and therefore denies the allegations.

49.

Defendant Williamson denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.

Defendant Williamson denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.

Defendant Williamson denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.

Defendant Williamson denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.

Defendant Williamson denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.

Defendant Williamson denies the allegations that there was "a lack of evidence" to support David Warth's arrest contained in Paragraph 54 of Plaintiff's Complaint. Defendant Williamson admits the remaining allegations contained in Paragraph 54 of the Complaint.

55.

Defendant Williamson admits the allegations contained in Paragraph 55 of

Plaintiff's Complaint. Answering further, Defendant Williamson states that Defendant Williamson obtained an arrest warrant from the Magistrate Court following the initial arrest of David C. Warth.

56.

Defendant Williamson denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.

Defendant Williamson denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.

Defendant Williamson denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.

Defendant Williamson denies the allegations contained in Paragraph 59 of Plaintiff's Complaint based upon information and belief.

60.

Defendant Williamson admits the allegations contained in Paragraph 60 of Plaintiff's Complaint based upon information and belief.

61.

Defendant Williamson admits the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.

Defendant Williamson admits the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.

Defendant Williamson admits the allegations contained in Paragraph 63 of Plaintiff's Complaint based upon information and belief.

64.

Defendant Williamson admits the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.

Defendant Williamson admits the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.

Defendant Williamson is without sufficient information to admit or deny the allegations contained in Paragraph 66 of the Complaint and therefore denies the allegations.

67.

Defendant Williamson is without sufficient information to admit or deny the allegations contained in Paragraph 67 of the Complaint and therefore denies the allegations.

68.

Defendant Williamson is without sufficient information to admit or deny the allegations contained in Paragraph 68 of the Complaint and therefore denies the allegations.

69.

Defendant Williamson admits the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.

Defendant Williamson admits the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.

Defendant Williamson denies the allegations contained in Paragraph 71 of Plaintiff's Complaint based upon information and belief.

72.

Defendant Williamson denies the allegations contained in Paragraph72 of

Plaintiff's Complaint based upon information and belief.

73.

Defendant Williamson denies the allegations contained in Paragraph 73 of Plaintiff's Complaint based upon information and belief.

74.

Defendant Williamson is without sufficient information to admit or deny the allegations contained in Paragraph 74 of the Complaint and therefore denies the allegations.

75.

Defendant Williamson denies the  allegations contained in Paragraph 75 of the Complaint.

76.

Defendant Williamson admits the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77.

Defendant Williamson admits the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78.

Defendant Williamson admits the allegations contained in Paragraph 78 of

Plaintiff's Complaint.

79.

Defendant Williamson admits the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.

Defendant Williamson admits the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81.

Defendant Williamson admits the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.

Defendant Williamson admits the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83.

Defendant Williamson admits the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.

Defendant Williamson admits the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85.

Defendant Williamson admits the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86.

Defendant Williamson admits the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87.

Defendant Williamson admits the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88.

Defendant Williamson admits the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89.

Defendant Williamson admits the allegations contained in Paragraph 89 of Plaintiff's Complaint based upon information and belief.

90.

Defendant Williamson admits the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91.

Defendant Williamson admits the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92.

Defendant Williamson admits the allegations contained in Paragraph 92 of Plaintiff's Complaint based upon information and belief.

93.

Defendant Williamson admits the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.

Defendant Williamson admits the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95.

Defendant Williamson denies the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96.

Defendant Williamson admits the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97.

Defendant Williamson admits the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98.

Defendant Williamson admits the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.

Defendant Williamson denies the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100.

Defendant Williamson denies the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101.

Defendant Williamson admits the allegations contained in Paragraph 101 of Plaintiff's Complaint based upon information and belief.

102.

Defendant Williamson denies the allegations contained in Paragraph 102 of Plaintiff's Complaint.

103.

Defendant Williamson denies the allegations contained in Paragraph 103 of Plaintiff's Complaint.

104.

Defendant Williamson denies the allegations contained in Paragraph 104 of Plaintiff's Complaint.

105.

Defendant Williamson admits the allegations contained in Paragraph 105 of Plaintiff's Complaint.

106.

Defendant Williamson admits that he conducted an investigation into the threatening e-mail.

107.

Defendant Williamson denies the allegations contained in Paragraph 107 of the Complaint as stated. Answering further Defendant Williamson admits that the undertook an investigation into the threatening e-mail.

108.

Defendant Williamson denies the allegations contained in Paragraph 108 of the Complaint as stated.  Answering further Defendant Williamson admits that the undertook an investigation into the threatening e-mail.

109.

Defendant Williamson denies the allegations contained in Paragraph 109 of Plaintiff's Complaint.

110.

Defendant Williamson denies the allegations contained in Paragraph 110 of Plaintiff's Complaint as stated.

111.

Defendant Williamson denies the allegations contained in Paragraph 111 of Plaintiff's Complaint as stated.

112.

Defendant Williamson denies the allegations contained in Paragraph 112 of Plaintiff's Complaint.

113.

Defendant Williamson admits the allegations contained in Paragraph 113 of Plaintiff's Complaint based upon information and belief.

114,

Defendant Williamson is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 114 of Plaintiff's Complaint and therefore denies the allegations.

115.

Defendant Williamson is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 115 of Plaintiff's Complaint and therefore denies the allegations.

116.

Defendant Williamson is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 116 of Plaintiff's Complaint and therefore denies the allegations.

117.

Defendant Williamson admits that David C. Warth entered a guilty plea to the misdemeanor charges pending against him in February of 2017 and claimed that the plea was entered under Alford v. North Carolina. Defendant Williamson is without sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 117 of Plaintiff's Complaint and therefore denies the allegations.

118.

Defendant Williamson is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 118 of Plaintiff's Complaint and therefore denies the allegations.

119.

Defendant Williamson admits the allegations contained in Paragraph 119 of Plaintiff's Complaint based upon information and belief.

120.

Defendant Williamson is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 120 of Plaintiff's Complaint and therefore denies the allegations.

121.

Defendant Williamson is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 121 of Plaintiff's Complaint regarding knowledge of David and his parents and therefore denies the allegations. Answering further, Defendant Williamson's criminal investigation into David Warth's involvement in sending threatening emails was not based upon any personal motivation or satisfaction and allegations regarding Defendant Williamson's motivation are denied.

122.

Defendant Williamson denies the allegations contained in Paragraph 122 of Plaintiff's Complaint as stated.

123.

Defendant Williamson denies the allegations contained in Paragraph 123 of Plaintiff's Complaint.

124.

Defendant Williamson admits that he obtained a warrant to search the Warth family home and Plaintiff's Emory University dorm room. Defendant Williamson denies the remaining allegations contained in Paragraph 124 of the Complaint.

125.

Defendant Williamson admits that he obtained a warrant to search the Warth family home and Plaintiff's Emory University dorm room. Defendant Williamson denies the remaining allegations contained in Paragraph 125 of the Complaint.

126.

Defendant Williamson denies the allegations contained in Paragraph 126 of Plaintiff's Complaint.

127.

Defendant Williamson admits the allegations contained in Paragraph 127 of Plaintiff's Complaint.

128.

Defendant Williamson admits the allegations contained in Paragraph 128 of Plaintiff's Complaint.

129.

Defendant Williamson admits the allegations contained in Paragraph 129 of Plaintiff's Complaint.

130.

Defendant Williamson admits the allegations contained in Paragraph 130 of Plaintiff's Complaint.

131.

Defendant Williamson admits the allegations contained in contained in Paragraph 131 of Plaintiff's Complaint.

132.

Defendant Williamson denies the allegations contained in Paragraph 132 of Plaintiff's Complaint.

133.

Defendant Williamson admits the allegations contained in Paragraph 133 of Plaintiff's Complaint and therefore denies the allegations.

134.

Defendant Williamson denies the allegations contained in Paragraph 134 of Plaintiff's Complaint.

135.

Defendant Williamson admits the allegations contained in Paragraph 135 of Plaintiff's Complaint.

136.

Defendant Williamson denies the allegations contained in Paragraph 136 of Plaintiff's Complaint and therefore denies the allegation. Answering further, Defendant Williamson never recovered David Warth's personal laptop or cellphone.

137.

Defendant Williamson denies the allegations contained in Paragraph 137 of Plaintiff's Complaint.

138.

Defendant Williamson admits the allegations contained in Paragraph 138 of Plaintiff's Complaint.

139.

Defendant Williamson denies the allegations contained in Paragraph 139 of Plaintiff's Complaint. Answering further, David Warth's laptop and cellphone which had been identified as devices he used through forensic evaluation were not found.

140.

Defendant Williamson admits the allegations contained in Paragraph 140 of Plaintiff's Complaint.

141.

Defendant Williamson admits the allegations contained in Paragraph 141 of Plaintiff's Complaint.

142.

Defendant Williamson admits the allegations contained in Paragraph 142 of Plaintiff's Complaint.

143.

Defendant Williamson admits the allegations contained in Paragraph 143 of Plaintiff's Complaint.

144.

Defendant Williamson denies the allegations contained in Paragraph 144 of Plaintiff's Complaint.

145.

Defendant Williamson denies the allegations contained in Paragraph 145 of Plaintiff's Complaint.

146.

Defendant Williamson admits the allegations contained in Paragraph 146 of Plaintiff's Complaint.

147.

Defendant Williamson admits the allegations contained in Paragraph 147 of Plaintiff's Complaint.

148.

Defendant Williamson admits that the language set forth in Paragraph 148 Plaintiff's Complaint is contained in the police report of Defendant Williamson.

149.

Defendant Williamson is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 149 of Plaintiff's Complaint and therefore denies the allegations.

150.

Defendant Williamson denies the allegations contained in Paragraph 150 of Plaintiff's Complaint.

151.

Defendant Williamson admits the allegations contained in Paragraph 151 of Plaintiff's Complaint.

152.

Defendant Williamson is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 152 of Plaintiff's Complaint and therefore denies said allegations.

153.

Defendant Williamson denies the allegations contained in Paragraph 153 of Plaintiff's Complaint as stated.

154.

Defendant Williamson denies the allegations contained in Paragraph 154 of Plaintiff's Complaint as stated. Answering further, the statement is not an accurate representation of what appears in the report.

155.

Defendant Williamson denies the allegations contained in Paragraph 155 of Plaintiff's Complaint.

156.

Defendant Williamson is without sufficient information to either admit or deny the allegations contained in Paragraph 156 of the Complaint and therefore the allegations are denied.

157,

Defendant Williamson denies the allegations contained in Paragraph 157 of Plaintiff's Complaint as stated.

158.

Defendant Williamson denies the allegations contained in Paragraph 158 of Plaintiff's Complaint.

159.

Defendant Williamson denies the allegations contained in Paragraph 159 of Plaintiff's Complaint.

160.

Defendant Williamson denies the allegations contained in Paragraph 160 of Plaintiff's Complaint.

161.

Defendant Williamson denies the allegations contained in Paragraph 161 of Plaintiff's Complaint.

162.

Defendant Williamson denies the allegations contained in Paragraph 162 of Plaintiff's Complaint as stated.

163.

Defendant Williamson denies the allegations contained in Paragraph 163 of Plaintiff's Complaint as stated.  Answering further, Defendant Williamson admits that Plaintiff remained in prison after he entered a guilty plea to misdemeanor charges, but denies the remaining allegations contained in Paragraph 163 of the Complaint.

164.

Defendant Williamson admits the allegations contained in Paragraph 164 of Plaintiff's Complaint based upon information and belief.

165.

Defendant Williamson admits the allegations contained in Paragraph 165 of Plaintiff's Complaint based upon information and belief.

166.

Defendant Williamson admits that the stated language contained in Paragraph 166 of the Complaint appears in the Court's Order.

167.

Defendant Williamson  admits the  allegations contained in Paragraph 167 of Plaintiff's Complaint.

168.

Defendant Williamson denies the allegations contained in Paragraph 168 of Plaintiff's Complaint.

169.

Defendant Williamson admits the allegations contained in Paragraph 169 of Plaintiff's Complaint based upon information and belief.

170.

Defendant Williamson denies the allegations contained in Paragraph 170 of Plaintiff's Complaint.

171.

Defendant Williamson denies the allegations contained in Paragraph 171 of Plaintiff's Complaint.

172.

Defendant Williamson admits the allegations contained in Paragraph 172 of Plaintiff's Complaint.

173.

Defendant Williamson admits the allegations contained in Paragraph 173 of Plaintiff's Complaint based upon information and belief.

174.

Defendant Williamson admits that a release on bond did not resolve outstanding felony indictments against Plaintiff, any remaining allegations contained in Paragraph 174 of Plaintiff's Complaint are denied.

175.

Defendant Williamson admits the allegations contained in Paragraph 175 of Plaintiff's Complaint based upon information and belief.

176.

Defendant Williamson admits the allegations contained in Paragraph 176 of Plaintiff's Complaint based upon information and belief.

177.

Defendant Williamson denies the allegations contained in Paragraph 177 of

Plaintiff's Complaint as stated.   Defendant Williamson admits that Defendant Dewey testified at the hearing on the D.A.'s Motion to Nol Pros the criminal charges and opposed that motion.  The remaining allegations contained in Paragraph 177 are denied.

178.

Defendant Williamson admits the allegations contained in Paragraph 178 of Plaintiff's Complaint.

COUNT I

179.

Defendant Williamson reincorporates all preceding paragraphs as if fully set forth herein.

180.

Defendant Williamson denies the allegations contained in Paragraph 180 of Plaintiff's Complaint.

181.

Defendant Williamson admits the allegations contained in Paragraph of Plaintiff's Complaint based upon information and belief.

182.

Defendant Williamson denies the allegations contained in Paragraph 182 of

Plaintiff's Complaint as stated.  Answering further Defendant Williamson made an initial arrest of Plaintiff without a warrant and then obtained a warrant from the Magistrate Court shortly thereafter.

183.

Defendant Williamson denies the allegations contained in Paragraph 183 of Plaintiff's Complaint.

184.

Defendant Williamson denies the allegations contained in Paragraph 184 of Plaintiff's Complaint.

185.

Defendant Williamson denies the allegations contained in Paragraph 185 of Plaintiff's Complaint.

186.

 Defendant Williamson denies the allegations contained in Paragraph 186 of Plaintiff's Complaint.

187.

Defendant Williamson denies the allegations contained in Paragraph 187 of Plaintiff's Complaint.

188.

Defendant Williamson denies the allegations contained in Paragraph 188 of Plaintiff's Complaint.

189.

Defendant Williamson denies the allegations contained in Paragraph 189 of Plaintiff's Complaint.

COUNT II

190.

Defendant Williamson reincorporates all preceding paragraphs as if fully set forth herein.

191.

Defendant Williamson admits the allegations contained in Paragraph 191 of Plaintiff's Complaint based upon information and belief.

192.

Defendant Williamson admits the allegations contained in Paragraph 192 of Plaintiff's Complaint.

193.

Defendant Williamson denies the allegations contained in Paragraph 193 of Plaintiff's Complaint.

194.

Defendant Williamson admits the allegations contained in Paragraph 194 of Plaintiff's Complaint.

195.

Defendant Williamson denies the allegations contained in Paragraph 195 of Plaintiff's Complaint.

196.

Defendant Williamson denies the allegations contained in Paragraph 196 of Plaintiff's Complaint.

197.

Defendant Williamson denies the allegations contained in Paragraph 197 of Plaintiff's Complaint.

198.

Defendant Williamson denies the allegations contained in Paragraph 198 of Plaintiff's Complaint.

199.

Defendant Williamson denies the allegations contained in Paragraph 199 of Plaintiff's Complaint.

COUNT III

200.

Defendant Williamson reincorporates all preceding paragraphs as if fully set forth herein.

201.

Defendant Williamson admits the allegations contained in Paragraph 201 of Plaintiff's Complaint.

202.

Defendant Williamson denies the allegations contained in Paragraph 202 of Plaintiff's Complaint as stated.  Answering further, based on information and belief, Defendant Williamson made an initial arrest of Plaintiff without a warrant and then obtained a warrant from the Magistrate Court shortly thereafter.

203.

Defendant Williamson denies the allegations contained in Paragraph 203 of Plaintiff's Complaint.

204.

Defendant Williamson denies the allegations contained in Paragraph 204 of Plaintiff's Complaint.

205.

Defendant Williamson denies the allegations contained in Paragraph 205 of Plaintiff's Complaint.

206.

Defendant Williamson denies the allegations contained in Paragraph 206 of Plaintiff's Complaint.

<u>COUNT IV</u>

207.

Defendant Williamson reincorporates all preceding paragraphs as if fully set forth herein.

208.

Defendant Williamson admits the allegations contained in Paragraph 208 of Plaintiff's Complaint based on information and belief.

209.

Defendant Williamson admits the allegations contained in Paragraph 209 of Plaintiff's Complaint based upon information and belief.

210.

Defendant Williamson is without sufficient information to admit or deny

the allegations and therefore denies the allegations contained in Paragraph 210 of

Plaintiff's Complaint.

211.

Defendant Williamson admits the allegations contained in Paragraph 211 of

Plaintiff's Complaint based upon information and belief.

212.

Defendant Williamson denies the allegations contained in Paragraph 212 of

Plaintiff's Complaint.

213.

Defendant Williamson denies the allegations contained in Paragraph 213 of

Plaintiff's Complaint.

214.

Defendant Williamson denies the allegations contained in Paragraph 214 of

Plaintiff's Complaint.

<u>COUNT V</u>

215.

Defendant Williamson Defendant Williamson reincorporates all preceding

paragraphs as if fully set forth herein.

216.

Defendant Williamson denies the allegations contained in Paragraph 216 of Plaintiff's Complaint.

217.

Defendant Williamson denies the allegations contained in Paragraph 217 of Plaintiff's Complaint.

218.

Defendant Williamson denies the allegations contained in Paragraph 218 of Plaintiff's Complaint.

219.

Defendant Williamson denies the allegations contained in Paragraph 219 of Plaintiff's Complaint to the extent that the allegations' reference to damages suggest that there is legal liability for any of the Defendants in this case for Plaintiff's emotional distress. Defendant Williamson is without sufficient information to admit or deny the remaining allegations and therefore denies the allegations.

220.

Defendant Williamson denies the allegations contained in Paragraph 220 of Plaintiff's Complaint.

221.

Defendant Williamson denies the allegations contained in Paragraph 221 of Plaintiff's Complaint.

COUNT VI

222.

Defendant Williamson Defendant Williamson reincorporates all preceding paragraphs as if fully set forth herein.

223.

Defendant Williamson denies the allegations contained in Paragraph 223 of Plaintiff's Complaint.

224.

Defendant Williamson denies the allegations contained in Paragraph 224 of Plaintiff's Complaint.

225.

Defendant Williamson denies the allegations contained in Paragraph 225 of Plaintiff's Complaint.

COUNT VII

226.

Defendant Williamson reincorporates all preceding paragraphs as if fully set

forth herein.

227.

Defendant Williamson denies the allegations contained in Paragraph 227 of Plaintiff's Complaint.

228.

Defendant Williamson denies the allegations contained in Paragraph 228 of Plaintiff's Complaint.

229.

Defendant Williamson denies the allegations contained in Paragraph 229 of Plaintiff's Complaint.

230.

Defendant Williamson denies the allegations contained in Paragraph 230 of Plaintiff's Complaint.

231.

Defendant Williamson denies the allegations contained in Paragraph 231 of Plaintiff's Complaint.

232.

Defendant Williamson denies the allegations contained in Paragraph 232 of Plaintiff's Complaint.

233.

Defendant Williamson denies the allegations contained in Paragraph 233 of Plaintiff's Complaint.

234.

Defendant Williamson denies the allegations contained in Paragraph 234 of Plaintiff's Complaint.

235.

Defendant Williamson denies the allegations contained in Paragraph 235 of Plaintiff's Complaint.

236.

Defendant Williamson denies the allegations contained in Paragraph 236 of Plaintiff's Complaint.

237.

Defendant Williamson denies the allegations contained in Paragraph 237 of Plaintiff's Complaint.

238.

Defendant Williamson denies the allegations contained in Paragraph 238 of Plaintiff's Complaint.

239.

Defendant Williamson denies the allegations contained in Paragraph 239 of Plaintiff's Complaint.

240.

Defendant Williamson denies the allegations contained in Paragraph 240 of Plaintiff's Complaint.

241.

Defendant Williamson denies the allegations contained in Paragraph 241 of Plaintiff's Complaint.

242.

Defendant Williamson denies the allegations contained in Paragraph 242 of Plaintiff's Complaint.

## COUNT VIII

243.

Defendant Williamson reincorporates all preceding paragraphs as if fully set forth herein.

244.

Defendant Williamson denies the allegations contained in Paragraph 244 of Plaintiff's Complaint.

245.

Defendant Williamson admits the allegations contained in Paragraph 245 of Plaintiff's Complaint based upon information and belief.

246.

Defendant Williamson admits the allegations contained in Paragraph 246 of Plaintiff's Complaint based on information and belief.

247.

Defendant Williamson denies the allegations contained in Paragraph 247 of Plaintiff's Complaint.

248.

Defendant Williamson denies the allegations contained in Paragraph 248 of Plaintiff's Complaint.

249.

Defendant Williamson denies the allegations contained in Paragraph 249 of Plaintiff's Complaint.

250.

Defendant Williamson denies the allegations contained in Paragraph 250 of Plaintiff's Complaint.

251.

Defendant Williamson denies the allegations contained in Paragraph 251 of Plaintiff's Complaint.

252.

Defendant Williamson denies the allegations contained in Paragraph 252 of Plaintiff's Complaint.

253.

Defendant Williamson denies the allegations contained in Paragraph 253 of Plaintiff's Complaint.

254.

Defendant Williamson denies the allegations contained in Paragraph 254 of Plaintiff's Complaint.

COUNT IX

255.

Defendant Williamson reincorporates all preceding paragraphs as if fully set forth herein.

256.

Defendant Williamson denies the allegations contained in Paragraph 256 of Plaintiff's Complaint.

257.

Defendant Williamson denies the allegations contained in Paragraph 257 of Plaintiff's Complaint.

258.

Defendant Williamson denies the allegations contained in Paragraph 258 of Plaintiff's Complaint.

259.

Defendant Williamson denies the allegations contained in Paragraph 259 of Plaintiff's Complaint based on information and belief.

260.

Defendant Williamson admits the allegations contained in Paragraph 260 of Plaintiff's Complaint.

261.

Defendant Williamson denies the allegations contained in Paragraph 261 of Plaintiff's Complaint.

262.

Defendant Williamson denies the allegations contained in Paragraph 262 of Plaintiff's Complaint.

263.

Defendant Williamson denies the allegations contained in Paragraph 263 of Plaintiff's Complaint.

264.

Defendant Williamson denies the allegations contained in Paragraph 264 of Plaintiff's Complaint.

265.

Defendant Williamson denies the allegations contained in Paragraph 265 of Plaintiff's Complaint.

## COUNT X

266.

Defendant Williamson reincorporates all preceding paragraphs as if fully set forth herein.

267.

Defendant Williamson denies the allegations contained in Paragraph 267 of Plaintiff's Complaint.

268.

Defendant Williamson denies the allegations contained in Paragraph 268 of

Plaintiff's Complaint.

269.

Defendant Williamson denies the allegations contained in Paragraph 269 of Plaintiff's Complaint.

270.

Defendant Williamson denies the allegations contained in Paragraph 270 of Plaintiff's Complaint.

271.

Defendant Williamson denies the allegations contained in Paragraph 271 of Plaintiff's Complaint.

272.

Defendant Williamson denies the allegations contained in Paragraph 272 of Plaintiff's Complaint.

273.

Defendant Williamson denies the allegations contained in Paragraph 1 of Plaintiff's Complaint.

274.

Defendant Williamson denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

275.

Defendant Williamson denies the allegations contained in Paragraph 275 of Plaintiff's Complaint to the extent that the allegations' reference to damages suggest that there is legal liability for any of the Defendants in this case for Plaintiff's emotional distress. Defendant Williamson is without sufficient information to admit or deny the remaining allegations and therefore denies the allegations.

276.

Defendant Williamson denies the allegations contained in Paragraph 276 of Plaintiff's Complaint.

277.

Defendant Williamson denies the allegations contained in Paragraph 277 of Plaintiff's Complaint.

278.

Defendant Williamson denies the allegations contained in Paragraph 278 of Plaintiff's Complaint.

## COUNT XI

279.

Defendant Williamson reincorporates all preceding paragraphs as if fully set forth herein.

280.

Defendant Williamson denies the allegations contained in Paragraph 280 of Plaintiff's Complaint.

281.

Defendant Williamson denies the allegations contained in Paragraph 281 of Plaintiff's Complaint.

282.

Defendant Williamson denies the allegations contained in Paragraph 282 of Plaintiff's Complaint.

283.

Defendant Williamson denies the allegations contained in Paragraph 283 of Plaintiff's Complaint.

284.

Defendant Williamson denies the allegations contained in Paragraph 284 of Plaintiff's Complaint.

285.

Defendant Williamson denies the allegations contained in Paragraph 285 of Plaintiff's Complaint.

286.

Defendant Williamson denies the allegations contained in Paragraph 286 of Plaintiff's Complaint.

287.

Defendant Williamson denies the allegations contained in Paragraph 287 of Plaintiff's Complaint as stated.  Answering further, Defendant Williamson admits that Defendant Dewey appeared and testified at the hearing on the nol pros of charges against Plaintiff but denies the remaining allegations.

288.

Defendant Williamson denies the allegations contained in Paragraph 288 of Plaintiff's Complaint.

289.

Defendant Williamson denies the allegations contained in Paragraph 289 of Plaintiff's Complaint.

290.

Defendant Williamson denies the allegations contained in Paragraph 290 of Plaintiff's Complaint.

291.

Defendant Williamson denies the allegations contained in Paragraph 291 of Plaintiff's Complaint.

292.

Defendant Williamson denies the allegations contained in Paragraph 292 of Plaintiff's Complaint.

293.

Defendant Williamson denies the allegations contained in Paragraph 293 of Plaintiff's Complaint.

294.

Defendant Williamson denies the allegations contained in Paragraph 294 of Plaintiff's Complaint.

295.

Defendant Williamson denies the allegations contained in Paragraph 295 of Plaintiff's Complaint.

## COUNT XII

296.

Defendant Williamson reincorporates all preceding paragraphs as if fully set forth herein.

297.

Defendant Williamson denies the allegations contained in Paragraph 297 of Plaintiff's Complaint.

298.

Defendant Williamson denies the allegations contained in Paragraph 298 of Plaintiff's Complaint.

299.

Defendant Williamson denies the allegations contained in Paragraph 299 of Plaintiff's Complaint.

300.

Defendant Williamson denies the allegations contained in Paragraph 300 of Plaintiff's Complaint.

301.

Defendant Williamson denies the allegations contained in Paragraph 301 of Plaintiff's Complaint.

302.

Defendant Williamson denies the allegations contained in Paragraph 302 of Plaintiff's Complaint.

303.

Defendant Williamson denies that Plaintiff is entitled to any of the relief set forth in Plaintiff's Prayer for Relief set forth on page 32 of the Complaint.

304.

Any allegations in the Complaint not heretofore answered, qualified, or denied are now denied as set forth specifically and denied.

WHEREFORE, Defendant Williamson respectfully request that this Court:

1. Dismiss with prejudice Plaintiff's Complaint;

2. Award Defendant its reasonable attorney's fees, costs, and expenses pursuant to applicable law;

3. That the Defendant have a trial by jury on any issues not dismissed by the Court; and

4. Award any and all other relief to Defendant that this Court may deem necessary and proper.

Respectfully submitted this 5th day of October, 2024.


                                                       **PEREIRA, KIRBY,**
                                                       **KINSINGER & NGUYEN, LLP**

                                                       *s/ Stephen D. Pereira*

P.O. Drawer 1250                             Stephen D. Pereira
Lawrenceville, GA 30046                 State Bar No. 572051
(770) 963-1997 telephone               W. Creighton Lancaster
(770)822-2913 facsimile                State Bar No. 142351
spereira@pkknlaw.com                 Jaaonne J. Gadson-Jackson
wlancaster@pkknlaw.com              State Bar No.  279689
jjackson@pkknlaw.com                 Counsel for Defendant Williamson

Counsel for the Defendant certifies by signature below that this Amended Answer has been prepared with Times New Roman 14-point font as required by Local Rule 5.1.

/s/ Stephen D. Pereira
Stephen Pereira
Gar Bar No. 572051
*Attorney for Defendant*
*Gwinnett County Public Schools*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **DAVID C. WARTH** | ) | **Civil Action File No.:** |
| | ) | **1:23-cv-05072-MLB** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | |
| **GWINNETT COUNTY PUBLIC** | ) | |
| **SCHOOLS, GWINNETT COUNTY** | ) | |
| **SCHOOL POLICE, THOMAS** | ) | |
| **WILLIAMSON,  Individually and** | ) | |
| **in his official capacity as a employee of** | ) | |
| **Gwinnett County School Police, and** | ) | |
| **BRITTNEY DEWEY, Individually** | ) | |
| **and in her official capacity as an** | ) | |
| **employee of Gwinnett County Public** | ) | |
| **Schools,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing

**ANSWER OF THOMAS WILLIAMSON** to the Clerk of Court using the

CM/ECF system which will automatically send electronic mail notification of such

filing to counsel of record who are CM/ECF participants. Counsel of record are:

Kamu K. Mason, Esq.
3036 Woodrow Drive
Lithonia, GA 30038


Reginald L. Winfrey, Esq.
The CD FIRM, LLC
P.O. Box 18862
Atlanta, GA 31126


This 5th day of October, 2024.


                                        **PEREIRA, KIRBY,**
                                        **KINSINGER & NGUYEN, LLP**

                                        _s/ Stephen D. Pereira_
P.O. Drawer 1250                        Stephen D. Pereira
Lawrenceville, GA 30046                 State Bar No. 572051
(770) 963-1997 telephone                W. Creighton Lancaster
(770)822-2913 facsimile                 State Bar No. 142351
spereira@pkknlaw.com                    Jaaonne J. Gadson-Jackson
wlancaster@pkknlaw.com                  State Bar No.  279689
jjackson@pkknlaw.com                    Counsel for Defendant Williamson