## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DAVID C. WARTH, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| | 1:23-cv-05072-MLB |
| v. | |
| THOMAS WILLIAMSON, | |
| Defendant. | |

## DEFENDANT'S BRIEF IN SUPPORT OF SUMMARY JUDGMENT

COMES NOW, Defendant Thomas Williamson (hereinafter "Defendant Williamson") pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, and hereby submits this Brief in support of his Motion for Summary Judgment.

## Introduction

Defendant Williamson is a School Resource Officer employed by the Gwinnett County Board of Education, the governing authority of the Gwinnett County School District. The principal job responsibility of school resource officers is maintaining the safety of students and staff of the Gwinnett County School District, a job that has become increasingly difficult and dangerous as incidents of school violence in the United States have become all too common. Plaintiff's claims in this case involve challenges to the difficult decisions made by Defendant Williamson in the performance of those essential duties. Plaintiff David Warth

(hereinafter "Plaintiff") is a former student of the Gwinnett County School District who filed suit against Defendant Williamson, Brittney Dewey, the Gwinnett County Public Schools and the Gwinnett County School Police related to his arrests on September 6, 2016, and March 24, 2017 and related criminal prosecutions which were ultimately nolle prossed and dismissed by the District Attorney's Office. This Court dismissed all claims against Ms. Dewey, the Gwinnett County Public Schools and the Gwinnett County School Police and dismissed several of the claims against Defendant Williamson. Claims against Defendant Williamson for false arrest under federal law (Count I), false imprisonment under state law (Count III) and punitive damages related to the September 6, 2016 arrest and prosecution (Count VI) remain. Additionally, claims against Defendant Williamson for malicious prosecution under both state and federal law (Counts VIII and IX) and punitive damage (Count XI) related to the March 24, 2017, arrest were not dismissed.

Defendant Williamson now seeks summary judgment for all remaining claims and dismissal of the suit against him.

### Summary of Material Facts

Plaintiff is a former student of the Gwinnett County School District who was arrested and prosecuted for alleged criminal activities involving his former special education teacher, Brittney Dewey. [Exhibit A David Warth Deposition, p. 20, lns. 21-24; p. 48, lns. 6-15.] Defendant Williamson is employed as a school resource

officer (hereinafter "SRO") for the Gwinnett County Board of Education.

Defendant Williamson arrested Plaintiff for trespassing on September 6, 2016,

when Plaintiff came onto the campus of Brookwood High School near Ms.

Dewey's trailer wearing an outrageous disguise, fled from a security guard when

confronted about his purpose for being on the campus and refused to provide any

information about his identity or purpose for being on campus after being stopped

in a neighborhood near the school. [Exhibit B Thomas Williamson Deposition p.

36, lns. 6-14]. Defendant Williamson was called to assist after Plaintiff was

stopped by School Resource Officer Wiley Gammons in a neighborhood near

campus. [Exhibit B Thomas Williamson Deposition. p. 33, lns. 3-19.] Defendant

Williamson observed Plaintiff wearing a disguise which included a fake beard, cap,

sunglasses and latex gloves.  [Exhibit B Thomas Williamson Deposition p. 36, lns.

6-14]. Defendant Williamson was aware that prior to his arrival, Plaintiff had been

observed near the back of the campus and had fled when confronted by school

security personnel. [Exhibit B Thomas Williamson Deposition. p. 33, lns. 3-19].

After observing Plaintiff repeatedly refuse to remove the disguise, repeatedly

refuse to provide his name and repeatedly refuse to explain what he was doing on

the campus of Brookwood High School, Defendant Williamson arrested Plaintiff.

[Exhibit B Thomas Williamson Deposition, p. 35, lns. 19-25; p. 37, lns. 8-23.]

Defendant Williamson reasonably believed that if he opted not to arrest Plaintiff

that Plaintiff would have left the scene and would not be able to be found. [Exhibit D Thomas Williamson Affidavit ¶ 14]. Following the arrest Defendant Williamson transported Plaintiff to the Gwinnett County Detention Center and obtained a warrant for his arrest by presenting written and oral testimony to the Magistrate Judge articulating probable cause. [Exhibit D Thomas Williamson Affidavit ¶¶ 16,17].

Plaintiff was charged with three misdemeanors by the Gwinnett County Solicitor's Office and entered a guilty plea to those charges. [Exhibit A David Warth Deposition. p. 129, lns. 8-17; p. 140, lns. 5-17; Exhibit I Sentencing Document]. Plaintiff was sentenced to a custodial sentence of 90 days in jail which commenced on February 9, 2017. [Exhibit I Sentencing Document].

Prior to Plaintiff's guilty plea, but after Ms. Dewey had obtained a second temporary restraining order, Ms. Dewey received an email threatening her life and the lives of her friends and family if she did not drop all criminal and civil proceedings she had pending. [Exhibit E Brittney Dewey Deposition, p. 65 lns. 7-17, Exhibit E Brittney Dewey Deposition Exhibit 1]. Following an investigation which included searches of Plaintiff's dorm, family home, University IT records and Plaintiff's mental health records, Defendant Williamson coordinated with prosecutors to obtain a second arrest warrant and Plaintiff was charged with aggravated stalking and one count of influencing a witness. [Exhibit B Thomas

Williamson Deposition, p. 129, lns. 1-18; Exhibit D Thomas Williamson Affidavit, ¶ 39.] Defendant Williamson submitted the written warrant application to Gwinnett County Judge William Brogdon and provided extensive oral testimony to Judge Brogdon. [Exhibit J Affidavit of William Brogdon ¶¶ 4-6; Exhibit B Thomas Williamson Deposition, p. 123, lns. 5-9]. Defendant Williamson's oral testimony in support of the March 2017 arrest warrant explained that the stalking charges were based upon an email received by Ms. Dewey and that the email was not able to be forensically traced directly to Plaintiff. [Exhibit B Thomas Williamson Deposition, p. 123, lns. 13-16]. Strong circumstantial evidence supported Plaintiff as the author of the email.  At the time she received the email, Ms. Dewey had no civil or criminal matters pending other than a temporary protective order she had obtained against Plaintiff and the criminal charges related to the Plaintiff's September 6, 2016, trespass. [Exhibit B Thomas Williamson Deposition, p. 65, lns. 15-25; p. 76, lns. 10-14]. Neither Plaintiff's personal cell phone nor the computer that Plaintiff routinely used to access the Emory University network was found. [Exhibit D Thomas Williamson Affidavit, ¶¶ 36, 37; Exhibit B Thomas Williamson Deposition, p. 103, lns. 6-16; p. 125, lns. 7-8] Finally, Plaintiff's mental health treatment records showed that Plaintiff fixated on Ms. Dewey and his belief that he had been abused by her at Brookwood High School. [Exhibit A David Warth Deposition, p. 58, lns. 5-19; Exhibit D Thomas Williamson Affidavit ¶ 35].  The arrest warrant obtained by

Defendant Williamson was issued and served upon Plaintiff while he was incarcerated and serving the 90 day custodial sentence for the September 6, 2016 incidents.   [Exhibit A David Warth Deposition, p. 148, lns. 7-14; Exhibit I Sentencing February 2017].

A preliminary hearing was held on March 28, 2017. [Exhibit F Preliminary Hearing Recording].   Plaintiff was represented by counsel and there was a full vetting of the facts supporting his continued incarceration on the March 24, 2017 arrest.   [Exhibit A David Warth Deposition, p.148 lns. 15-25; p. 149, lns. 1-9; Exhibit F Preliminary Hearing Recording].   The preliminary hearing occurred four days after Defendant Williamson obtained the arrest warrant and Plaintiff's attorney, Lyle Porter, conducted an extensive cross-examination of Defendant Williamson which brought before the court the strengths and weaknesses of the case against Plaintiff.   [Exhibit A David Warth Deposition, p. 149, lns. 1-17; Exhibit F Preliminary Hearing Recording]. At the conclusion of the hearing the magistrate judge found that sufficient probable cause existed to justify Plaintiff's continued incarceration.   [Exhibit F Preliminary Hearing Recording]. On June 14, 2017, Plaintiff was indicted by a grand jury on two counts of aggravated stalking and one count of influencing a witness for sending the threatening email to Ms. Dewey. [Exhibit H June 2017 Indictment].

An order granting Plaintiff's motion to withdraw his guilty plea for the September 2016 misdemeanor charges was entered on August 10, 2017. [Exhibit A David Warth Deposition, p. 166, lns. 24-25; p. 167, lns. 1-9; Ex G. Order Withdrawing Guilty Plea].   Prior to the time Plaintiff's 90-day sentence for the September 2016 crimes expired, the allegation that Plaintiff sent a threatening email to Ms. Dewey had been considered by a magistrate judge following extensive oral testimony by Defendant Williamson and subjected to careful review by a different magistrate judge during a preliminary hearing where Plaintiff was represented by counsel. [Exhibit B Thomas Williamson Deposition, p. 123, lns. 5-25; Exhibit J William Brogdon Affidavit; Exhibit F Preliminary Hearing Recording; Exhibit I Sentencing February 2017]. Consequently, Plaintiff was **never** restrained of his liberty solely because of the written arrest warrant submitted to the magistrate by Defendant Williamson. In June of 2017 a grand jury ratified the magistrates' findings of probable cause by issuing an indictment which charged Plaintiff with two counts of aggravated stalking and one count of influencing a witness. [Exhibit H June 2017 Indictment].

Plaintiff's claims for malicious prosecution under both federal and state law and punitive damages arising out of the March 24, 2017, arrest and prosecution survived the Defendants' Motion to Dismiss and Defendant Williamson now moves this Court to grant summary judgment and dismiss all remaining claims.

## Legal Argument

### I.    Summary Judgment Standard

Summary judgment is designed to "isolate and dispose of factually unsupported claims. . . ." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986). Because Plaintiff has the burden of proof at trial, Defendant is not required to negate his claims, but need only demonstrate that there is an absence of evidence to support his case. <u>Id.</u> at 324. When a motion for summary judgment is properly supported, a court shall grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986) (explaining that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts").

### II.    Plaintiff's Federal False Arrest Claims Should Be Dismissed Because Defendant Williamson is Entitled to Qualified Immunity and Because Plaintiff's September 6, 2016, Arrest was Supported by Probable Cause.

Plaintiff's federal false arrest claims against Defendant Williamson based upon Plaintiff's September 6, 2016 arrest are barred by qualified immunity because there

was arguable probable cause to arrest Plaintiff. "Qualified immunity shields officials who are acting within their discretionary authority from liability when their conduct does not violate a constitutional right that was clearly established at the time of the conduct." Williams v. Aguirre, 965 F.3d 1147, 1156 (11th Cir. 2020). In the context of a false arrest claim an officer is entitled to qualified immunity if there was arguable probable cause to support the arrest. "Arguable probable cause exists where reasonable officers in the same circumstances and possessing the same knowledge as the defendant could have believe that probable cause existed…" Gates v. Khokhar, 884 F.3d 1290 (11th Cir. 2018) citing Redd v. City of Enterprise, 140 F.3d at 1383-1384 (11th Cir. 1998).

The doctrine of qualified immunity supports sound public policy that an officer who acts reasonably should not be personally liable because it appears in hindsight that he might have erred. This rationale is heightened by the increase in school violence and the difficult situations school resource officers are placed in everyday in public schools across Georgia. The concept of arguable probable cause therefore allows for the possibility that an officer might "reasonably but mistakenly conclude that probable cause is present." Gates v. Khokhar, 884 F.3d 1290, 1298 (11th Cir. 2018). "The existence of probable cause is an absolute bar to a § 1983 claim of false arrest, Marx v. Gumbinner, 905 F.2d 1503, 1505–06 (11th Cir. 1990)." Davis v. City of Apopka, 78 F.4th 1326, 1333 (11th Cir. 2023), cert.

denied sub nom. Davis v. City of Apopka, Florida, 144 S. Ct. 2528 (2024).

"Probable cause is not a high bar and does not require the showing of conclusive

proof, proof beyond a reasonable doubt that a crime was in fact committed, or even

a finding made by a preponderance of the evidence." Davis v. City of Apopka, 78

F.4th 1326, 1334 (11th Cir. 2023), cert. denied sub nom. Davis v. City of Apopka,

Florida, 144 S. Ct. 2528 (2024).

Probable cause analysis requires the court to consider the totality of the

circumstances known to the officers and decide if a reasonable officer would be

persuaded that there is a "substantial chance of criminal activity" by the arrestee.

District of Columbia v. Wesby, 583 U.S. 48, 57, 138 S. Ct. 577, 199 L.Ed.2d 453

(2018); see also Washington v. Howard, 25 F.4th 891 (11th Cir. 2022).

This Court dismissed Plaintiff's state law malicious prosecution claims finding

that probable cause existed for Plaintiff's September 6, 2016 arrest. [Dkt. 33, p.

22]. The undisputed facts support this legal finding and certainly meet the

"arguable probable cause" standard applicable to the qualified immunity defense

herein asserted.

Defendant Williamson was off campus on September 6, 2016 when he received

a phone call reporting that there was a trespasser at the rear campus of Brookwood

High School near the trailers, who ran from the school security officer when

confronted.  [Exhibit B Thomas Exhibit B Thomas Williamson Deposition p. 33,

lns. 3-19]. Defendant Williamson arrived at the scene where Plaintiff was stopped

by Officer Gammon and observed Officer Gammon's questioning of Plaintiff.

[Exhibit B Thomas Exhibit B Thomas Williamson Deposition p. 34, lns. 17-19].

Defendant Williamson saw that Plaintiff was wearing a disguise consisting of a

fake beard, a cap, sunglasses and latex gloves. [Exhibit B Thomas Williamson

Deposition, p. 36, lns. 6-14]. Defendant Williamson observed Officer Gammon

question Plaintiff for a while and witnessed Plaintiff repeatedly refuse to provide

any information to explain his presence on the campus, his disguise or even his

identity.  [Exhibit B Thomas Williamson Deposition, p. 35, lns. 19-25; p. 37, lns. 8-

23.]   Gwinnett County Police Officers arrived on the scene and began questioning

Plaintiff [Exhibit B Thomas Williamson Deposition p 37, lns. 23-25].  Plaintiff

refused to provide any information to the Gwinnett County Police Officers.

[Exhibit B Thomas Williamson Deposition p. 37, lns. 24-25; p. 38, ln. 1]

   Georgia's criminal trespass statute O.C.G.A. § 16-7-21(b) (1) prohibits

"entering the land or premises of another…..for an unlawful purpose." A person

wearing a disguise and loitering at the back of a public high school who then flees

from authority when confronted and refuses to provide their name or any

explanation for their actions provides more than enough reasonable belief that

there was a "substantial chance of criminal activity." Accordingly, Defendant

Williamson had arguable probable cause to arrest Plaintiff for trespass on September 6, 2016, Defendant Williamson is entitled to qualified immunity for the September 6, 2016 arrest and Plaintiff's federal false arrest claim should be dismissed.

### III. Plaintiff's State False Imprisonment Claims for the September 6, 2016, Arrest Should Be Dismissed Because Exigent Circumstances Existed and Because Defendant Williamson Is Entitled to Official Immunity.

Defendant Williamson's warrantless arrest of Plaintiff on September 6, 2016, was authorized under Georgia law because Plaintiff's criminal activity was directly observed by Defendant Williamson and/or was within his immediate knowledge and because Plaintiff was endeavoring to escape. Further, Defendant Williamson is entitled to official immunity for the false imprisonment claim since his actions in arresting Plaintiff were discretionary and not undertaken with actual malice or an actual intent to harm the Plaintiff.

### A. Exigent Circumstances Authorized Plaintiff's Warrantless Arrest

The elements of a false imprisonment claim under Georgia law are a detention of the person of another for some length of time and the unlawfulness of that detention. Smith v. Wal-Mart Stores E., LP, 765 S.E. 2d 518. (1995).   A warrantless arrest can constitute false imprisonment under Georgia law if the arrest is made without probable cause or if the arrest does not meet one of the exigent

circumstances set forth in O.C.G.A. § 17-4-20. <u>Arbee v. Collins</u>, 463 S.E. 2d 922 (1995).

This Court found that Defendant Williamson had probable cause for the Plaintiff's September 6, 2016, arrest and as discussed above, the facts developed during discovery further support that legal conclusion. [Dkt. #33 p. 22]. Plaintiff can only succeed on his state law false imprisonment claim if he can show that the arrest did not meet one of the statutory exigent circumstances. Under Georgia's exigent circumstance exceptions, a law enforcement officer is authorized to make a warrantless arrest if 1. the offense is committed in such officer's presence or within such officer's immediate knowledge, 2. if the offender is endeavoring to escape or 3. for other cause there is likely to be failure of justice for want of a judicial officer to issue a warrant. O.C.G.A. 17-4-20(B)(i), (ii) and (vi). Defendant Williamson's warrantless arrest of Plaintiff met the exigency requirements of Georgia law because Plaintiff was committing crimes directly in front of Defendant Williamson and/or within the immediate knowledge of Defendant Williamson. Additionally, Plaintiff was trying to escape and had the warrantless arrest not taken place Plaintiff would never have been found and there would be a failure of justice.

Defendant Williamson arrived at the scene of Plaintiff's detention and directly observed Plaintiff wearing a fake beard, baseball cap and latex gloves in violation of Georgia's anti-mask law in effect at the time, O.C.G.A. § 16-11-38. [Exhibit B

Thomas Williamson Deposition  p.36,  lns. 8-14].  Defendant Williamson also

observed Plaintiff repeatedly refuse to remove the disguise after being asked to do

so.  [Exhibit B Thomas Williamson Deposition p. 37, lns. 18-19].   At the time of

Plaintiff's arrest Georgia prohibited a person from wearing a mask, hood or device

by which any portion of the face is so hidden, concealed, or covered as to conceal

the identity of the wearer when upon any public way or public property or upon

private property without written permission.  O.C.G.A.§ 16-11-38. Plaintiff was

subsequently charged and entered a guilty plea to the crime of wearing a mask.

[Exhibit A. Davd Warth Deposition. p. 129, lns. 8-17; p. 140, lns. 5-17].  Defendant

Williamson's observation of Plaintiff committing a crime in his presence provided

a statutory justification for the warrantless arrest and defeat Plaintiff's false

imprisonment claim.

Defendant Williamson's warrantless arrest of Plaintiff also falls within the

exigency exceptions because Plaintiff was trying to escape and had Defendant

Williamson opted to let Plaintiff go so he could go obtain a warrant, Plaintiff

would have fled resulting in the failure of justice.  Prior to his arrival at the scene

Defendant Williamson had been made aware that Plaintiff fled when confronted by

the security officer at Brookwood High School and he personally observed Plaintiff

repeatedly ask Officer Gammon if he was free to go. [Exhibit B Thomas

Williamson Deposition, p. 33, lns. 3-19].  None of the law enforcement officers on

the scene had a way of identifying Plaintiff who refused to provide them his name, identification or remove his disguise. If Defendant Williamson opted not to arrest Plaintiff and instead to go to the jail to obtain a warrant it was reasonable to believe that Plaintiff would have disappeared not to be found again. [Thomas Williamson Affidavit ¶ 14] In fact, it would be ridiculous to believe otherwise. As a practical matter, Defendant Williamson would have had no way of even obtaining a warrant without knowing the Plaintiff's name and certainly could not have served the warrant since there was no information about where the Plaintiff lived.

Since Defendant Williamson's arrest of Plaintiff on September 6, 2016 was supported by probable cause and fell within multiple statutory exigency exceptions authorizing a warrantless arrest, Plaintiff's state law false imprisonment claim should be dismissed.

## B. <u>Defendant Williamson Is Entitled to Official Immunity</u>

Defendant Williamson's arrest of Plaintiff on September 6, 2016, was a discretionary act undertaken without actual malice or any intent to do harm, therefore official immunity bars Plaintiff's false imprisonment claim. Under Georgia's Constitution public officers and employees are not liable for negligence in the performance of their discretionary functions unless they act with malice or an actual intent to cause injury. <u>McDowell v. Smith,</u> 678 S.E. 2d 922 (2009),

Teston v. Collins, 459 S.E.2d 452 (1995). The rationale behind official immunity is to protect the independent judgment of public employees without the threat of litigation.  Cameron v. Lang, 549 S.E.2d 341 (2001). A police officer's decision to make a warrantless arrest is a discretionary act within the officer's official functions.  Mercado v. Swoope, 798 S.E.2d 291 (2017) citing Taylor v. Waldo, 709 S.E.2d 278 (2011).  "Actual Malice" for the purposes of official immunity is more than implied malice or reckless disregard for the rights of others and instead requires a deliberate intention to do wrong.  Merrow v. Hawkins, 467 S.E.2d 336 (1996).

   In Selvy v. Morrison, 665 S.E.2d 401 (Ga. App. 2008) the court found that dismissal was appropriate for lack of actual malice in a false arrest/false imprisonment case despite a police officer initially leaving plaintiff's home only to return yelling "fuck this shit, arrest that bitch too!." In the Selvy case, the police officer also yelled for her to open the door or he would kick it in, slammed Plaintiff's face into the wall, and kicked her leges out from under her, causing injury to plaintiff's son before he charged her with disorderly conduct.  In Tittle v. Corso,  the Court of Appeals found that a police officer's slamming a motorist against his vehicle, threatening the motorist and using profanity during the arrest did not reach the level of actual malice required to overcome official immunity. Title v. Corso, 256 Ga. App. 859 (2002).

- 16 -

There is no evidence of actual malice in this case. Defendant Williamson testified that he did not even realize who Plaintiff was until after the arrest was made on September 6, 2016, and the Plaintiff's identification card with his name was discovered. [Exhibit B Thomas Williamson Deposition, p. 38, lns. 15-18]. Defendant Williamson testified that he had no personal animosity toward Plaintiff. [Exhibit B Thomas Williamson Deposition, p. 29, lns. 3-4]. Further, Defendant Williamson did not rush to make an arrest in this case but waited for Officer Gammon to patiently question Plaintiff for an extended period to give Plaintiff the opportunity to cooperate with questioning. [Exhibit B Thomas Williamson Deposition, p. 37, lns. 8-25, p. 38, lns.2-14]. Defendant Williamson's patience in this case shows that he was not motivated by ill will toward Plaintiff. Finally, Defendant Williamson has credibly testified that, due to the disguise Plaintiff wore, he did not even know the identity of Plaintiff at the time the arrest was made on September 6, 2016. [Exhibit B Thomas Williamson Deposition p. 38 lns. 15-18]. Any argument that Defendant Williamson had some personal animus toward Plaintiff is undermined by Plaintiff's anonymity at the time of the arrest.

Defendant Williamson's arrest of Plaintiff was not action undertaken with actual malice but was in furtherance of his legitimate law enforcement functions and to keep the Gwinnett Couty Public Schools safe. Defendant Williamson had probable cause to arrest Plaintiff and was justifiably concerned that letting Plaintiff

leave without being arrested would mean that there could be no arrest.  As a result,
Plaintiff's state law false imprisonment claim under Count III of the Complaint
should be dismissed.

### IV.    Plaintiff Is Not Entitled to Punitive Damages for the September 6, 2016 Arrest.

Count VI of Plaintiff's Complaint seeks punitive damages against Defendant
Williamson and alleges that Defendant Williamson's actions towards Plaintiff
displayed willful misconduct, malice, fraud, wantonness, oppression, or that
entire want of care which would raise the presumption of conscious indifference
to the consequences.  The record fails to provide any supporting facts in
furtherance of the claim for punitive damages. The record shows that Officer
Williamson acted in the good faith performance of his official duties and well
within the lawful exercise of those duties during his interaction with Plaintiff on
September 6, 2016.  Consequently, punitive damages are not warranted.

Under Georgia law punitive damages are awarded to punish, penalize, or
deter a defendant and may only be granted clear and convincing evidence that
the defendant's actions showed willful misconduct, malice, fraud, wantonness,
oppression, or that entire want of care which would raise the presumption of
conscious indifference to consequences.  O.C.G.A. § 51-12-5.1 Claims for

punitive damages under Georgia law are derivative of tort law claims and where

the underlying claim is dismissed the punitive damages claim

should also be dismissed. <u>Perkins v. Thrasher</u>, 701 Fed. Appx. 887 (11th Cir. 2017).

As set forth above, the Plaintiff's state law false imprisonment claim is without

merit and should be dismissed along with any derivative claims for punitive

damages.   Further, Officer Williamson's conduct did not show willful misconduct,

malice, fraud, wantonness, oppression, or the entire want of care which would raise

the presumption of conscious indifference to consequences.

An award of punitive damages is authorized in a federal civil rights case if "the

defendant was motivated by an evil motive or intent, or there [was] reckless or

callous indifference to federally protected rights[.]" <u>Forsberg v. Pefanis, 634 Fed.</u>

<u>Appx. 676, 680 (11th Cir. 2015)</u> (citing <u>Davis v. Locke, 936 F.2d 1208, 1214 (11th</u>

<u>Cir.1991)</u>) (quoting <u>Anderson v. City of Atlanta, 778 F.2d 678, 688 (11th</u>

<u>Cir.1985)</u>). Similar to state law claims, a plaintiff must first succeed on their

underlying civil rights claim to be entitled to punitive damages. <u>Cruz v. Green</u>, 325

F. Supp.3d 1213 (N. Dist. Fla 2019). Since Defendant Williamson is entitled to

qualified immunity and dismissal of the federal false arrest claim set out in Count I

of Plaintiff's Complaint any claims for punitive damages related to such claims

should also be dismissed. In other words, the Plaintiff cannot survive summary

judgment on punitive damages claims simply by setting such claims out as a "count" in the Complaint.

## V.    Plaintiff's Federal Malicious Prosecution Claims Related to The March 2017 Arrest Should Be Dismissed

Defendant Williamson is entitled to qualified immunity for Plaintiff's federal malicious prosecution claims arising out of the March 2017 arrest.  There is no dispute, and this Court has found that Defendant Williamson was performing discretionary functions when he sought and obtained the arrest warrant for Plaintiff in March of 2017. [Dkt. 33, p. 17].  The record is also clear that Defendant Williamson did not violate clearly established law when he effected the March 2017 arrest. Therefore, the Plaintiff's federal malicious prosecution claims should be dismissed.

The federal tort of malicious prosecution requires Plaintiff to establish "(1) that the defendant violated his Fourth Amendment right to be free from seizures pursuant to legal *process* and (2) that the criminal proceedings against him terminated in his favor." Luke v. Gulley, 50 F.4th 90, 95 (11th Cir. 2022). The first prong requires plaintiff to show "the legal process justifying his seizure was constitutionally infirm" and "his seizure would not otherwise be justified without legal process." *Luke*, 50 F.4th at 95. Plaintiff's claims fail on both required showings.

- 20 -

The legal process is constitutionally infirm if defendant "intentionally or recklessly made misstatements or omissions necessary to support the warrant" or he "should have known that his warrant application failed to establish probable cause." Sorrells v. Dodd, 2024 WL 3981781, at *7–8 (11th Cir. Aug. 29, 2024). "[A] warrant violates the Fourth Amendment when it contains omissions made intentionally or with a reckless disregard for the accuracy of the affidavit." Madiwale v. Savaiko, 117 F.3d 1321, 1326 (11th Cir. 1997.) Further, to deny qualified immunity to an officer in this context, the omitted facts must be "so clearly material that every reasonable law officer would have known that their omission would lead to a search [or seizure] in violation of federal law." Haygood v. Johnson, 70 F.3d 92, 95 (11th Cir. 1995). There is no constitutional violation "if, absent the misstatements or omissions, there remains sufficient content to support a finding of probable cause." Stefani v. City of Grovetown, 780 Fed. Appx. 842, 850–51 (11th Cir. 2019) citing Dahl v. Holley, 312 F.3d 1228, 1234 (11th Cir. 2002), abrogated by Lozman v. Riviera Beach, 585 U.S. 87, 138 S. Ct. 1945, 201 L. Ed. 2d 342 (2018).

Plaintiff bases his argument on alleged omissions in the written arrest warrant, specifically that Defendant Williamson failed to include potentially exculpatory information. However, the facts revealed in discovery establish that Defendant Williamson did not only submit the written arrest warrant application

but also provided detailed and comprehensive testimony to the magistrate judge prior to the issuance of the warrant.  [Exhibit B Thomas Williamson Deposition, p. 123, lns. 17-25; p. 124, lns.1-25; p. 125, lns. 1-25; Exhibit J William Brogdon Affidavit ¶¶ 4-6].

It is the practice and requirement in Gwinnett County that prior to the issuance of an arrest warrant the officer seeking the warrant appears before the issuing magistrate to provide testimony.  [Exhibit J William Brogdon Affidavit ¶ 4].  Defendant Williamson completed the arrest warrant application, but the legal process for the issuance of the March 2017 arrest warrant involved a much more fulsome process wherein a full description of the evidence gathered in the multi-agency investigation was presented to an independent magistrate judge prior to the issuance of the arrest warrant. [Exhibit B Thomas Williamson Deposition, p. 123, lns. 17-25; p. 124, lns.1-25; p. 125, lns. 1-25; Exhibit J William Brogdon Affidavit ¶¶ 4-6].

In evaluating the constitutionality of the arrest warrant process the Court should consider not only the facts set forth on the arrest warrant application/affidavit, but also on the oral testimony upon which the issuance of the warrant was based.  United States v. Hill, 500 F.2d 315, 320 (5th Cir. 1974); Garmon v. Lumpkin Cty., Ga., 878 F.2d 1406, 1409 n.1 (11th Cir. 1989); and Stefani v. City of Grovetown, 780 Fed. Appx. 842, 851 (11th Cir. 2019).In

Haywood v. Green, 695 F. Supp. 3d 1315, 1324–25 (N.D. Ala. 2023) the Court considered a similar claim of malicious prosecution where the affidavit supporting the arrest warrant was wanting. Despite the foregoing, the Court dismissed the Plaintiff's malicious prosecution claim because the record established that the investigator seeking the arrest warrant also appeared in person before the magistrate judge and provided sufficient testimony to support the probable cause finding.  Id.

Plaintiff's claim also fails with respect to the requirement that his seizure would not otherwise be justified without legal process. On March 24, 2017, the date the arrest warrant was obtained, Plaintiff had not yet withdrawn his guilty plea and was incarcerated for his convictions arising out of the September 6, 2016 conduct.  [Exhibit I Sentencing February 2017; Exhibit G Order Withdrawing Guilty Plea]. Plaintiff entered a guilty plea and was sentenced to 90 days of detention on February 9, 2017 [Exhibit I Sentencing February 2017].  The arrest warrant obtained by Defendant Williamson was issued and served upon Plaintiff while he was incarcerated. [Exhibit A David Warth Deposition, p. 148, lns. 7-14].

Plaintiff was still within the term of his custodial sentence from February 9, 2017 when on March 28, 2017 Plaintiff was taken to a preliminary hearing. [Exhibit F Preliminary Hearing Recording; Exhibit I Sentencing February 2017]. During the Preliminary Hearing, Plaintiff was represented by counsel and there

was a full vetting of the facts supporting his continued incarceration. [Exhibit F Preliminary Hearing Recording]. Plaintiff's attorney, Lyle Porter, conducted an extensive cross examination of Defendant Williamson which brought before the court the strengths and weaknesses of the case against Plaintiff. [Exhibit F Preliminary Hearing Recording]. At the conclusion of the hearing the magistrate judge found that sufficient probable cause existed to justify Plaintiff's continued incarceration. [Exhibit F Preliminary Hearing Recording]. Any infirmity in the legal process associated with the arrest warrant obtained by Defendant Williamson was cured with the preliminary hearing on March 28, 2017.

Plaintiff was subsequently indicted by a Gwinnett County grand jury on two counts of aggravated stalking and one count of influencing a witness on June 14, 2017, for the conduct that led to his March 24, 2017 arrest. [Exhibit H June 2017 Indictment].

The arrest warrant for Plaintiff obtained by Defendant Williamson in March of 2017 did not result in any additional seizure of the Plaintiff. The fact that the oral testimony provided in support of the arrest warrant's issuance and the preliminary hearing occurred prior to the expiration of the Plaintiff's custodial sentence arising out of his September 2016 criminal conduct means that the written arrest warrant submitted by Defendant Williamson was never the sole basis for Plaintiff's detention. Consequently, Plaintiff's federal Malicious

Prosecution claim for this March 24, 2017, arrest fails as a matter of law and should be dismissed because his seizure at the time of the arrest was otherwise justified by his earlier sentence and conviction.

## V.    Plaintiff's State Law Malicious Prosecution Claims Should be Dismissed

### A. Defendant Williamson had Probable Cause for Plaintiff's March 24, 2017 arrest.

"In order to state a claim for malicious prosecution in Georgia, a plaintiff must show (1) prosecution for a criminal offense; (2) instigated without probable cause; (3) with malice; (4) under a valid warrant, accusation or summons; (5) which has terminated favorably to the plaintiff; and (6) has caused damage to the plaintiff. The requisite malice may be inferred from a total lack of probable cause. Thus, the gravamen of the complaint is the absence of probable cause on the part of the person instituting the prosecution." McKissick v. S.O.A., Inc., 299 Ga. App. 772, 774, 684 S.E.2d 24, 27 (2009) citing Barnette v. Coastal Hematology etc., 294 Ga. App. 733, 735–736, 670 S.E.2d 217 (2008).  "The overriding question in actions for malicious prosecution is not whether the plaintiff was guilty, but whether the defendant had reasonable cause to so believe." Monroe v. Sigler, 256 Ga. 759, 760, 353 S.E.2d 23, 24–25 (1987).

However, unlike the federal malicious prosecution standard, under Georgia law the focus of the inquiry is not upon the information presented to the magistrate

judge in furtherance of obtaining the warrant, but upon what the defendant (officer) reasonably believed.  Stated differently, if Defendant Williamson had reasonable cause to believe that probable cause existed for Plaintiff's March 2017 arrest then the Plaintiff's state malicious prosecution claim fails.

Defendant Williamson reasonably believed that Plaintiff sent the email to Ms. Dewey on February 6, 2017 and that by virtue of the contents of that email, that Plaintiff had stalked Ms. Dewey both at her residence and at Brookwood High School.  [Exhibit B Thomas Williamson Deposition, p. 129, lns. 1-18;  Exhibit D Thomas Williamson Affidavit, ¶ 34]. At that time he sought the arrest warrant for Plaintiff, Defendant Williamson knew the following pertinent facts pointing to Plaintiff as the author of the threatening email to Ms. Dewey:



3. Plaintiff had put on a disguise and trespassed on the campus of Brookwood
   High School near Ms. Dewey's trailer on September 6, 2016, and fled when
   confronted by school security.  [Exhibit A David Warth Deposition, p. 95,
   lns. 4-10; lns. 13-21; Exhibit B Thomas Williamson Deposition, p. 39, lns.
   17-20].

4. The threatening email received by Ms. Dewey directed that she dismiss any
   civil and criminal actions she had pending and the only legal matters Ms.
   Dewey was involved with at the time involved Plaintiff.  [Exhibit B Thomas
   Williamson Deposition, p. 65, lns. 15-25; p. 76, lns. 10-14].

5. Emory University's IT records showed that Plaintiff had accessed a TOR
   browser using a MacBook computer and that computer was not found
   following extensive searches of Plaintiff's dorm and parent's home. [Exhibit
   D Thomas Williamson Affidavit ¶ 32; Exhibit B Thomas Williamson
   Deposition, p. 103, lns. 6-16; p. 125, lns. 7-8].

6. Plaintiff's personal cell phone was never found despite extensive searches of
   Plaintiff's dorm room and parent's home.  [Exhibit B Thomas Williamson
   Deposition, p. 103,  lns. 6-16]

The foregoing facts known to Defendant Williamson at the time of the arrest

provided more than sufficient probable cause to seek an arrest warrant for

Plaintiff. As a result, the Plaintiff's state law malicious prosecution claim

should be dismissed.

### B. Defendant Williamson is Entitled to Official Immunity for Plaintiff's Malicious Prosecution Claims Arising Out of the March 24, 2017 arrest.

As set forth in Section III B. above, official immunity provides public

employees such as Defendant Williamson with protection from liability as long as

the actions involved are discretionary actions and are untaken without actual

malice or an actual intent to harm a plaintiff.   McDowell v. Smith, 678 S.E. 2d 922

(2009).  Official immunity is applicable to malicious prosecution claims.  Marshal

v. Browning, 310 Ga. App. 64 (2011).  In Georgia the actual malice/intent to harm

required to overcome official immunity is a high bar.

> actual malice requires a deliberate intention to do wrong and denotes express malice or malice in fact. Actual malice does not include implied malice, or the reckless disregard for the rights and safety of others. A deliberate intention to do wrong such as to constitute the actual malice necessary to overcome official immunity must be the intent to cause the harm suffered by the plaintiffs. Likewise, the phrase "actual intent to cause injury" has been defined in a tort context to mean an actual intent to cause harm to the plaintiff, not merely an intent to do the act purportedly resulting in the claimed injury. This definition of intent contains aspects of malice, perhaps a wicked or evil motive

Marshall v. Browning, 310 Ga. App. 64, 67–68, 712 S.E.2d 71, 74 (2011) citing

Selvy v. Morrison, 292 Ga. App. 702, 704–705, 665 S.E.2d 401 (2008).

The record in this case contains no evidence to support a wicked or evil motive by Defendant Williamson.  Instead, the undisputed testimony of Defendant Williamson is that he had no animus toward Plaintiff. [Exhibit B Thomas Williamson Deposition p. 29, lns. 3-4].  Plaintiff may argue that Defendant Williamson decision to arrest him for sending the email was wrong or even unreasonable, but the difficult discretionary decisions made by Defendant Williamson in furtherance of protecting the students and staff of the Gwinnett County School District are insulated from Plaintiff's claims by virtue of sovereign immunity and should be dismissed.

**VI.   Plaintiff's State Law Punitive Damages Claims Should be Dismissed**

Plaintiff's Count XII claims for punitive damages arising out of state law tort claims should be dismissed because they are derivative of the underlying tort claims, which have all either been dismissed or should be dismissed as set forth above. Perkins v. Thrasher, 701 Fed. App'x 887, 891 (11th Cir. 2017).  Further, dismissal of the state law punitive damages claims is necessary because the facts in this case show that Defendant Williamson's actions did not meet the threshold for the award of such damages.

O.C.G.A. § 51-12-5.1(b) sets out the standard for the award of punitive damages and provides: "Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's

actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences."  In the context of a malicious prosecution claim under Georgia law punitive damages are allowed in cases where the acts of the defendant were influenced by malicious motives and were done without probable cause.  <u>Willis v. Brassell</u>, 220 Ga. App. 348, 354, 469 S.E.2d 733, 740 (1996).

The undisputed facts in this case show that Defendant Williamson did not act maliciously in the pursuit of the criminal charges against Plaintiff.  Plaintiff has developed no evidence of willful misconduct, malice, fraud, wantonness or oppression by Defendant Williamson.  Instead, Defendant Williamson pursed an arrest warrant against Plaintiff based upon his legitimate belief that Plaintiff sent the e-mail threatening Ms. Dewey's life if she did not cease the pursuit of civil and criminal actions.

Respectfully submitted this 9th  day of January, 2025

|  | **PEREIRA, KIRBY,** |
| | **KINSINGER & NGUYEN, LLP** |
| | <u>*s/ Stephen D. Pereira*</u> |
| P.O. Drawer 1250 | Stephen D. Pereira |
| Lawrenceville, GA 30046 | State Bar No. 572051 |
| (770) 963-1997 telephone | W. Creighton Lancaster |
| (770)822-2913 facsimile | State Bar No. 142351 |
| spereira@pkknlaw.com | Jaaonne J. Gadson-Jackson |
| wlancaster@pkknlaw.com | State Bar No.  279689 |

jjackson@pkknlaw.com                    Counsel for Defendant Williamson

Counsel for the Defendant certifies by signature below that <u>DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u> has been prepared with Times New Roman 14-point font as required by Local Rule 5.1.

*/s/ Stephen D. Pereira*
Stephen Pereira
Gar Bar No. 572051
*Attorney for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

DAVID C. WARTH,

   Plaintiff,

v.

THOMAS WILLIAMSON,

 Defendant.

CIVIL ACTION FILE NO.
1:23-cv-05072-MLB

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically submitted the foregoing **<u>DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u>** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants. Counsel of record are:

Kamu K. Mason, Esq.
3036 Woodrow Drive
Lithonia, GA 30038


Reginald L. Winfrey, Esq.
The CD FIRM, LLC
P.O. Box 18862
Atlanta, GA 31126

This 9th day of January, 2025


**PEREIRA, KIRBY,**
**KINSINGER & NGUYEN, LLP**
/s/ Stephen D. Pereira

_s/ Stephen D. Pereira_
P.O. Drawer 1250                    Stephen D. Pereira
Lawrenceville, GA 30046             State Bar No. 572051
(770) 963-1997 telephone            W. Creighton Lancaster
(770)822-2913 facsimile             State Bar No. 142351
spereira@pkknlaw.com                Jaaonne J. Gadson-Jackson
wlancaster@pkknlaw.com              State Bar No.  279689
jjackson@pkknlaw.com                Counsel for Defendant Williamson