# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

DAVID C. WARTH,

    Plaintiff,

v.

THOMAS WILLIAMSON,

    Defendant.

CIVIL ACTION FILE NO.
1:23-cv-05072-MLB

---

## DEFENDANT WILLIAMSON'S STATEMENT OF UNDISPUTED MATERIAL FACTS

---

### 1.

Plaintiff attended Brookwood High School for his freshman, sophomore, junior and a portion of his senior year of high school.  [Ex. A David Warth Deposition, p. 20, lns. 21-24; p. 48, lns. 6-15]

### 2.

Plaintiff began receiving special education services at Brookwood High School during 2012 and received special education services during his sophomore and junior year.  Ex. A David Warth Deposition p. 21, lns. 1-8; p. 25, lns. 18-25]

3.

Plaintiff did not agree with his placement in the special education classes at Brookwood High School. [Ex. A David Warth Deposition, p. 21 lns. 9-11]

4.

Plaintiff was placed in Brittney Dewey's guided study course for students with ASD (autism spectrum disorder) at Brookwood High School during his sophomore year. [Ex. A David Warth Deposition, p. 28, lns. 9-13]

5.

Plaintiff characterized the guided study course taught by Ms. Dewey as "the beast" and testified that he was heavily scrutinized in the class and retaliated against anytime he had a need. [Ex. A David Warth Deposition, p. 27, lns. 10-14]

6.

Brittney Dewey was Plaintiff's IEP (individualized educational plan) Case Manager and Plaintiff believed that she oversaw instituting the actual policy at the school, which would have controlled which forms of special education treatment Plaintiff would receive. [Ex. A David Warth Deposition, p. 35, lns.6-19]

7.

Plaintiff believes that Brittney Dewey was motivated to keep him in the special education program to retaliate against him and diminish his credibility and created fabrications to keep Plaintiff in the special education program. Plaintiff believes that Brittney Dewey was abusive to him. [Ex. A David Warth Deposition, p. 37, lns. 15-25; p. 44, lns. 13-21]

8.

On February 27, 2015, during Plaintiff's senior year at Brookwood High School, Plaintiff met with Brittney Dewey and Principal Bo Ford to try to reach some closure with Ms. Dewey. [Ex. A David Warth Deposition, p. 48, lns. 22-25; p. 50, lns. 16-21]

9.

The Friday February 27, 2015 meeting did not go the way Plaintiff had wanted it to go and Plaintiff felt that Ms. Dewey was scathing towards him during the meeting. [Ex. A David Warth Deposition, p. 50, lns. 1-15]

10.

On the Monday following the February 27, 2015 meeting, Brittney Dewey reported that Plaintiff came outside of the school near her trailer and stared

menacingly at her. [Ex. A David Warth Deposition, p. 52, lns. 13-25; p. 55 lns. 1-11]



12.

Plaintiff had an argument with his mother in March of 2015 related to her duty as a parent to protect Plaintiff from abuse from Brittney Dewey and the actions of Brookwood High School. [Ex. A David Warth Deposition, p. 59, lns. 9-25; p. 60, lns. 1-6; Ex. C Brian Warth Deposition p. 59, lns. 2-8]

13.

Plaintiff left the Warth home and was traveling by foot when his father, Brian Warth picked him up in his car and together they went to Brian Warth's band practice. [Ex. C Brian Warth Deposition p. 59, lns. 2-20]





20.

In March of 2015, Brittney Dewey was informed by Brookwood High

School administration that Plaintiff's therapist Melissa Coates contacted the school

to report that Plaintiff made a threat to kill Ms. Dewey.  [Ex. E Brittney Dewey
Deposition, p. 38, lns. 18-25; p. 39, lns. 1; Ex. B Thomas Williamson Deposition ,
p. 24, lns. 13-23]

21.

Brittney Dewey sought and was granted a temporary protective order against
Plaintiff after she learned of the threats made by Plaintiff to his therapist. [Ex. E
Brittney Dewey Deposition, p. 39, lns. 20-25; Ex. A David Warth Deposition p. 70,
lns. 9-14]

22.

Following the issuance of the Temporary Protective Order, Plaintiff attended
the Gwinnett Online Campus. [Ex. A David Warth Deposition, at 48, lns. 15-22]

23.

Plaintiff graduated from Gwinnett Online Campus and enrolled at Emory
University [Ex. A David Warth Deposition p. 71, lns. 17-21, p. 72, lns. 2-6]

24.

On September 6, 2016, Plaintiff took an Uber to the CVS drug store at the
corner of Dogwood Road and Five Forks Trickum Road. [Ex. A David Warth
Deposition p. 91, lns. 2-7]

25.

On September 6, 2016, Plaintiff entered the CVS, purchased neoprene gloves and a hat then went into the restroom and put on the neoprene gloves, sunglasses, a costume beard and hair net. [Ex. A David Warth Deposition, p. 93, lns. 19-25; p. 94, lns. 1-16]

26.

After witnesses Plaintiff in the costume and gloves, both an employee working at the CVS and a parent walking on the sidewalk both contacted the Gwinnett County Police to report the suspicious behavior.  [Ex. B Thomas Williamson Deposition , p. 35, lns. 2-18]

27.

Plaintiff walked from the CVS toward Brookwood High School, but instead of entering the front of the school went to the back of the school in close proximity to Brittney Dewey's trailer. [Ex. A David Warth Deposition, at 95, lns. 4-10; Ex. B Thomas Williamson Deposition , p. 39, lns. 17-20]

28.

Plaintiff was confronted by a school security officer, Mr. Torres, who asked Plaintiff why he was on campus.  Plaintiff refused to provide Mr. Torres with any

explanation and fled the campus.  [Ex. A David Warth Deposition, p. 95, lns. 13-21]

29.

Gwinnett County School Resource Officer Wiley Gammon and the school security officer, Mr. Torres, found Plaintiff in a neighborhood near the school and questioned Plaintiff.  Plaintiff refused to identify himself or to explain why he was on campus. [Ex. B Thomas Williamson Deposition , p. 37, lns. 6-19; Ex. A David Warth Deposition, p. 121, lns. 13-25; p. 122, lns. 3-13]

30.

Defendant Williamson, a Gwinnett County Board of Education School Resource Officer, was off campus on September 6, 2016 when he received a phone call from either School Resource Officer Wiley Gammon or the school security officer reporting that there was a trespasser at the rear campus near the trailers who ran from the school security officer when confronted.  [Ex. B Thomas Williamson Deposition. p. 33, lns. 3-19]

31.

Defendant Williamson arrived at the scene where Plaintiff was stopped by Officer Gammon and observed Officer Gammon's questioning of Plaintiff. [Ex. B Thomas Williamson Deposition p. 34, lns. 17-19]

32.

Officer Williamson saw that Plaintiff was wearing a disguise consisting of a fake beard, a cap, sunglasses and latex gloves. [Ex. B Thomas Williamson Deposition p. 36 ,lns. 6-14].

33.

Defendant Williamson observed Officer Gammon question Plaintiff for a while and saw Plaintiff repeatedly refuse to provide any information to explain his presence on the campus, his disguise or even his identity.  [Ex. B Thomas Williamson Deposition, p. 35, lns. 19-25; p. 37, lns. 8-23.]

34.

Gwinnett County Police Officers arrived on the scene and began questioning Plaintiff [Ex. B Thomas Williamson Deposition p 37, lns. 23-25]

35.

Defendant Williamson believed that if he opted not to arrest Plaintiff that Plaintiff would have left the scene and would not be able to be found. [Thomas Williamson Affidavit ¶ 14]

36.

Following Plaintiff's September 6, 2016 arrest Defendant Williamson transported Plaintiff to the Gwinnett County Detention Center and obtained a warrant for his arrest by presenting written and oral testimony to the Magistrate Judge articulating probable cause. [Exhibit D Thomas Williamson Affidavit ¶¶ 16,17].

37.

The Magistrate Judge on duty found that there was probable cause to arrest Plaintiff for criminal trespass on September 6, 2016. [Ex. D Thomas Williamson Affidavit ¶ 17 ]

38.

Plaintiff was charged and entered a guilty plea to the crimes of criminal trespass, stalking and wearing a mask. [Exhibit A David Warth Deposition. p. 129, lns. 8-17; p. 140, lns. 5-17; Exhibit I Sentencing February 2017]

39.

On September 6, 2016, Defendant Williamson did not realize who Plaintiff was until after the arrest and discovery of the Plaintiff's identification card with his name. [Ex. B Thomas Williamson Deposition p. 38 lns. 15-18].

40.

Defendant Williamson had no personal animosity toward Plaintiff. [Ex. B Thomas Williamson Deposition p. 29, lns. 3-4].

41.

Defendant Williamson did not rush to make an arrest on September 6, 2016, but waited for Officer Gammon to question Plaintiff for a while to give Plaintiff the opportunity to cooperate with questioning. [Ex. B Thomas Williamson Deposition p. 37, lns. 8-25, p. 38, lns.2-14].

42.

Plaintiff bonded out of the Gwinnett County Detention Center on the day following his arrest. [Ex. A David Warth Deposition, p. 126, lns. 11-12; p. 127, lns. 22-25]

43.

Following Plaintiff's arrest Brittney Dewey was encouraged by the Gwinnett County Solicitor's Office to obtain a second Temporary Protective Order against Plaintiff David Warth and she did so. [Ex. E Brittney Dewey Deposition, p. 64, lns. 10-22; Ex. A David Warth Deposition, p. 129, lns. 22-25]

44.

On February 6, 2017 while at Brookwood High School, Brittney Dewey received an email at her Gwinnett County School District email from an address listed as jacobportmeir@signaint.org. [Ex. E Brittney Dewey Deposition, p. 65, Ex. E Brittney Dewey Deposition Exhibit 1].

45.

The February 6, 2017 email began with the admonition "do not show this message to police, family, friends, or anyone else, or you will be dead within 24 hours." The email went on to explain that the email was being sent through an anonymous email service that the police could not track and ordered Ms. Dewey to dismiss all of her civil actions and any criminal prosecutions she was pursuing. [Ex. E Brittney Dewey Deposition, Ex. 1].

46.

The email warned that not only Ms. Dewey, but her friends and family were also in danger of being murdered if she did not dismiss her pending legal matters. [Ex. E Brittney Dewey Deposition, Ex. 1].

47.

The email revealed that the writer was closely watching Ms. Dewey and referenced a photo that was taken of Ms. Dewey in a Walmart parking lot "next to your house in the neighborhood behind Cofer Circle." [Ex. E Brittney Dewey Deposition, Ex. 1].

48.

The only legal actions Ms. Dewey was involved in at the time she received the email were the civil temporary restraining order she obtained against the Plaintiff and the criminal prosecution of the Plaintiff. [Ex. B Thomas Williamson Deposition , p. 65, lns. 15-25; p. 76, lns. 10-14]

49.

Ms. Dewey informed school administration and Defendant Williamson about the email. [Ex. E Brittney Dewey Deposition, p. 66, lns.5-11 Ex. B Thomas Williamson Deposition , p. 59, lns. 9-12]

50.

Defendant Williamson shared the email with prosecutors at the Gwinnett County Solicitor's Office and began an investigation into the email. [Ex. B Thomas Williamson Deposition , p. 59, lns. 20-23].

51.

After consulting with his supervisors, the District Attorney's Office and the

Solicitor's Office, Defendant Williamson obtained search warrants for Plaintiff's

dorm room at Emory University and the Plaintiff's family home. [Ex. B Thomas

Williamson Deposition, p. 97, lns. 8-25].

52.

Defendant Williamson also secured search warrants for IT records at Emory

University and for Plaintiff's mental health records.  [Ex. B Thomas Williamson

Deposition , p. 105, lns. 20-21; p. 106, lns. 6-12].

53.

Emory University's IT records showed that Plaintiff had accessed a TOR

browser using a MacBook computer and that computer was not found following

extensive searches of Plaintiff's dorm and parent's home. [Ex. D Thomas

Williamson Affidavit, ¶¶ 36, 37; Ex. B Thomas Williamson Deposition , p. 103,

lns. 6-16; p. 125, lns. 7-8]

54.

Plaintiff's personal cell phone was never found despite searches of Plaintiff's dorm room and parent's home.  [Ex. B Thomas Williamson Deposition, p. 103,  lns. 6-16]

55.

The search of Plaintiff's dorm room uncovered an empty tracfone or "burner phone" box, a sticky note with "how to download TOR browser" written on it, a note with the words "DuckDuckGo" written on it and other writings about punishment. [Ex. B Thomas Williamson Deposition , p.100, lns.6-25, p. 101, lns. 1-13]

56.

On February 9, 2017 a hearing was held to revoke Plaintiff's bond for violation of the conditions of bond. [Ex. B Thomas Williamson Deposition, p. 92, lns. 19-20]

57.

At the February 9, 2017, bond revocation hearing Plaintiff entered a plea of guilty to the pending misdemeanor charges against him for trespassing, stalking

and wearing a mask on the campus of Brookwood High School on September 6, 2016.  [Ex. B Thomas Williamson Deposition, p. 92, lns. 22-24].

58.

Defendant Williamson reasonably believed that Plaintiff sent the email to Ms. Dewey on February 6, 2017, and that by virtue of the contents of that email, that Plaintiff had stalked Ms. Dewey both at her residence and at Brookwood High School.  [Ex. B  Thomas Williamson Deposition , p. 129, lns. 1-18;  Ex. D Thomas Williamson Affidavit, ¶ 39.]

59.

Defendant Williamson completed an arrest warrant application for Plaintiff for aggravated stalking based upon the threatening email sent to Ms. Dewey on February 6, 2017.  [Ex. B Thomas Williamson Deposition , p.112, lns.23-25; p. 113, lns. 1-8]

60.

Defendant Williamson submitted the written arrest warrant application to Gwinnett County Judge William Brogdon and provided oral testimony to Judge Brogdon. [Affidavit of William Brogdon ¶¶ 4-6; Ex. B Thomas Williamson Deposition, p. 123, lns. 5-9]

61.

Defendant Williamson's oral testimony in support of the March 2017 arrest warrant explained that the stalking charges were based upon an email received by Ms. Dewey and that the email was not able to be forensically traced directly to Plaintiff.  [Ex. B Thomas Williamson Deposition, p. 123, lns. 13-16]

62.

Defendant Williamson's oral testimony in support of the March 2017 arrest warrant included information about the circumstantial evidence against Plaintiff, including the history with Ms. Dewey, the previous criminal charges for trespassing, wearing a mask and stalking, the failure to find the Plaintiff's laptop and the way a TOR browser could have been used to send the email. [Ex. B Thomas Williamson Deposition , p. 123, lns. 17-25; p. 124, lns.1-25; p. 125, lns. 1-25]

63.

The arrest warrant obtained by Defendant Williamson was issued and served upon Plaintiff while he was incarcerated.  [Ex. A David Warth Deposition, p. 148, lns. 7-14]

64.

Following his arrest, Plaintiff was taken to a preliminary hearing during which he was represented by counsel and there was a full vetting of the facts supporting his continued incarceration.  [Ex. A David Warth Deposition, p.148 lns. 15-25; p. 149, lns. 1-9;  Exhibit F Preliminary Hearing Recording].

65.

The preliminary hearing occurred on March 28, 2017 and Plaintiff's attorney, Lyle Porter, conducted an extensive cross examination of Defendant Williamson which brought before the court the strengths and weaknesses of the case against Plaintiff.  [Ex. A David Warth Deposition, p. 149, lns. 1-17; Exhibit F Preliminary Hearing Recording].

66.

At the conclusion of the hearing the magistrate judge found that sufficient probable cause existed to justify Plaintiff's continued incarceration.  [Exhibit F Preliminary Hearing Recording].

67.

Plaintiff filed a motion to withdraw his guilty plea to the misdemeanor charges related to the Plaintiff's September 6, 2016 actions which was heard on June 30, 2017. [Exhibit G, Order Withdrawing Guilty Plea]

68.

An order granting Plaintiff's motion to withdraw his guilty plea for the misdemeanor charges was entered on August 10, 2017. [Ex. A David Warth Deposition, p. 166, lns. 24-25; p. 167, lns. 1-9; Ex G. Order Withdrawing Guilty Plea].

69.

On the date the arrest warrant was obtained, Plaintiff was incarcerated and serving a 90-day custodial sentence for his convictions arising out the September 6, 2016 conduct.  [Ex. A David Warth Deposition,  p. 147 lns. 5-24; Ex. I Sentencing February 2017].

70.

At the time the Plaintiff's guilty plea for the September 6, 2016 conduct was withdrawn on August 10, 2017 Plaintiff's arrest and continued incarceration for allegations that he had sent the threatening email and stalked Ms. Dewey had been

approved by the magistrate after oral testimony from Defendant Williamson on the day the arrest warrant was issued.  [Exhibit G, Order Withdrawing Guilty Plea; Ex. B Thomas Williamson Deposition , p. 123, lns. 5-25]

71.

At the time the Plaintiff's guilty plea for the September 6, 2016 conduct was withdrawn on August 10, 2017, Plaintiff's arrest and continued incarceration for allegations that he had sent the threatening email and stalked Ms. Dewey had been considered and upheld at a preliminary hearing where Plaintiff was represented by counsel who subjected Defendant Williamson to a thorough cross-examination. [Exhibit G Copy of Order Withdrawing Guilty Plea; Exhibit F Preliminary Hearing Recording]

72.

At the time the Plaintiff's guilty plea for the September 6, 2016 conduct was withdrawn on August 10, 2017 Plaintiff's arrest and continued incarceration for allegations that he had sent the threatening email and stalked Ms. Dewey Plaintiff had been indicted by a Gwinnett County grand jury of two counts of Aggravated Stalking and one count of influencing a witness related to the threatening email received by Ms. Dewey.  [Exhibit G Order Withdrawing Guilty Plea; Exhibit H June 2017 Indictment]

Respectfully submitted this 9th day of January, 2025

|  |  |
|---|---|
|  | **PEREIRA, KIRBY,** |
|  | **KINSINGER & NGUYEN, LLP** |
|  | _s/ Stephen D. Pereira_ |
| P.O. Drawer 1250 | Stephen D. Pereira |
| Lawrenceville, GA 30046 | State Bar No. 572051 |
| (770) 963-1997 telephone | W. Creighton Lancaster |
| (770)822-2913 facsimile | State Bar No. 142351 |
| spereira@pkknlaw.com | Jaaonne J. Gadson-Jackson |
| wlancaster@pkknlaw.com | State Bar No.  279689 |
| jjackson@pkknlaw.com | Counsel for Defendant Williamson |

Counsel for the Defendant certifies by signature below that <u>DEFENDANT'S</u> <u>STATEMENT OF UNDISPUTED MATERIAL FACT</u> has been prepared with Times New Roman 14-point font as required by Local Rule 5.1.

*/s/ Stephen D. Pereira*
Stephen Pereira
Gar Bar No. 572051
*Attorney for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DAVID C. WARTH,

    Plaintiff,

v.

THOMAS WILLIAMSON,

    Defendant.

CIVIL ACTION FILE NO.
1:23-cv-05072-MLB

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this electronically submitted the foregoing

**<u>DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACT</u>** to the

Clerk of Court using the CM/ECF system which will automatically send electronic

mail notification of such filing to counsel of record who are CM/ECF participants.

Counsel of record are:

        Kamu K. Mason, Esq.
        3036 Woodrow Drive
        Lithonia, GA 30038


        Reginald L. Winfrey, Esq.
        The CD FIRM, LLC
        P.O. Box 18862
        Atlanta, GA 31126

This 9th day of January, 2025

**PEREIRA, KIRBY,
KINSINGER & NGUYEN, LLP**
/s/ Stephen D. Pereira

_s/ Stephen D. Pereira_
P.O. Drawer 1250
Lawrenceville, GA 30046
(770) 963-1997 telephone
(770)822-2913 facsimile
spereira@pkknlaw.com
wlancaster@pkknlaw.com
jjackson@pkknlaw.com

Stephen D. Pereira
State Bar No. 572051
W. Creighton Lancaster
State Bar No. 142351
Jaaonne J. Gadson-Jackson
State Bar No. 279689
Counsel for Defendant Williamson